UNITED STATES, Appellee

v.

Akeem A. WILKINS, Master-at-Arms Third Class
U.S. Navy, Appellant

No. 11-0486

Crim. App. No. 201000289

United States Court of Appeals for the Armed Forces

Argued October 9, 2012

Decided November 16, 2012

STUCKY, J., delivered the opinion of the Court, in which ERDMANN
and RYAN, JJ., and COX, S.J., joined.  BAKER, C.J., filed a
separate opinion concurring in the result.


Counsel


For Appellant:  Captain Michael D. Berry, USMC (argued); Major
Kirk Sripinyo, USMC (on brief).


For Appellee:  Major Paul M. Ervasti, USMC (argued); Colonel
Kurt J. Brubaker, USMC, and Brian K. Keller, Esq. (on brief);
Colonel Stephen C. Newman, USMC, and Major William C. Kirby,
USMC.


Military Judges:  Christian Bareford (arraignment); Ross L.
Leuning and E. H. Robinson (trial)


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge STUCKY delivered the opinion of the Court.

We granted review in this case to determine whether Appellant's right to due process of law was violated when he was convicted for abusive sexual contact as a lesser included offense (LIO) of aggravated sexual assault. We hold that abusive sexual contact is not an LIO of aggravated sexual assault in this case, but Appellant was not prejudiced by the error. We therefore affirm the judgment of the United States Navy-Marine Corps Court of Criminal Appeals (CCA).

I.

Contrary to Appellant's pleas, members found him guilty in a general court-martial of abusive sexual contact and sodomy by force in violation of Articles 120 and 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925 (2006). He was sentenced to a dishonorable discharge and eighteen months of confinement. The convening authority approved the sentence and the CCA affirmed the findings and sentence. United States v. Wilkins, No. 201000289, slip op. (N-M. Ct. Crim. App. Mar. 24, 2011) (unpublished). This Court remanded the present issue for consideration in light of United States v. McMurrin, 70 M.J. 15 (C.A.A.F. 2011); United States v. Girouard, 70 M.J. 5 (C.A.A.F. 2011); United States v. Bonner, 70 M.J. 1 (C.A.A.F. 2011); and United States v. Alston, 69 M.J. 214 (C.A.A.F. 2010). United

States v. Wilkins, 70 M.J. 274 (C.A.A.F. 2011) (summary

disposition).  The CCA affirmed in a per curiam opinion.  United

States v. Wilkins, No. 201000289, slip op. (N-M. Ct. Crim. App.

Nov. 29, 2011) (per curiam) (unpublished).

## II.

### A.

In June 2009, Appellant, the victim, Master-at-Arms Third

Class (MA3) L, and several other sailors from their unit took a

trip to Malia, Greece.  The first night of the trip, the group

drank heavily.  MA3 L had approximately nineteen drinks, vomited

several times, and had to be escorted to bed by another member

from his unit at approximately 5:00 a.m.  Soon thereafter, MA3 L

awoke to a sensation in his groin area and pressure around his

anus.  He looked down and saw Appellant "coming up" from his

groin area.  MA3 L grunted and tried to push Appellant away.

### B.

The charge and specification at issue state:

CHARGE I: VIOLATION OF ARTICLE 120, UCMJ (aggravated
sexual assault; abusive sexual contact)

In that [Appellant], U.S. Navy, Naval Support Activity
Souda Bay, on active duty, did, in Malia, Crete,
Greece, on or about 26 June 2009, engage in a sexual
act, to wit:  placing his fingers or another object in
the anus of [MA3 L], when [MA3 L] was substantially
incapable of declining participation in the sexual act
or communicating unwillingness to engage in the sexual
act because he was asleep.

Before closing arguments, the military judge sua sponte found Appellant not guilty of the aggravated sexual assault charge because the facts of the case did not fit the statutory definition of a "sexual act."  Article 120(t)(1), UCMJ. However, the military judge allowed the members to consider whether Appellant was guilty of abusive sexual contact as an LIO of aggravated sexual assault.  Article 120(t)(2), UCMJ.  Defense counsel did not object to the proposed LIO, but did object to unrelated issues in the instructions directly after the military judge stated he would allow the LIO to go to the members.

## C.

As Appellant did not object to the abusive sexual contact instruction at trial, the CCA reviewed for plain error and affirmed the findings and sentence on remand.  The CCA held that the specification failed to state the charged offense of aggravated sexual assault but alleged every element of abusive sexual contact so as to put Appellant on notice and protect him against double jeopardy.  The CCA compared the elements of the two offenses, and concluded that the military judge properly instructed the members that abusive sexual contact is an LIO of aggravated sexual assault.  Because it found no error in the LIO instruction, the CCA did not analyze prejudice under the plain error standard.

III.

A.

"Whether an offense is a lesser included offense is a question of law we review de novo." United States v. Arriaga, 70 M.J. 51, 54 (C.A.A.F. 2011). As there was no objection to the instruction at trial, this Court reviews for plain error. Id. Under a plain error analysis, the "Appellant has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." Girouard, 70 M.J. at 11.

B.

This Court applies the elements test to determine whether one offense is an LIO of another. United States v. Jones, 68 M.J. 465, 468 (C.A.A.F. 2010). The test does not require that the "offenses at issue employ identical statutory language." Alston, 69 M.J. at 216. Rather, after applying normal rules of statutory interpretation and construction, this Court will determine whether the elements of the LIO would necessarily be proven by proving the elements of the greater offense. Id.

Aggravated sexual assault, the charged offense, requires that the accused "engage in a sexual act." Article 120(c), UCMJ. Abusive sexual contact, the alleged LIO, piggybacks the definition of aggravated sexual assault: "Any person subject to this chapter who engages in or causes sexual contact with or by

another person, if to do so would violate subsection (c) (aggravated sexual assault) had the sexual contact been a sexual act, is guilty of abusive sexual contact . . . ." Article 120(h), UCMJ. Because abusive sexual contact piggybacks the definition of aggravated sexual assault, all of the elements of the two offenses necessarily line up, except that aggravated sexual assault requires a "sexual act" whereas abusive sexual contact requires "sexual contact."

A "sexual act" is defined as:

> (A) contact between the penis and the vulva . . .; or

> (B) the penetration, however slight, of the genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person.

Article 120(t)(1), UCMJ.

> "Sexual contact" is defined as:

> the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of another person, or intentionally causing another person to touch, either directly or through the clothing, the genitalia, anus, groin, breast, inner thigh, or buttocks of any person, with an intent to abuse, humiliate, or degrade any person or to arouse or gratify the sexual desire of any person.

Article 120(t)(2), UCMJ.

Abusive sexual contact is an LIO of aggravated sexual assault in some instances. For example, if an accused is

charged with aggravated sexual assault by penetrating the genital opening of another, then any penetration of the genital opening would also require a touching of the genital opening. See Arriaga, 70 M.J. at 54-55 (holding that an offense may be an LIO of a greater offense even if there are ways of committing the lesser offense whereby it would not be an LIO of the greater). However, in this case, Appellant was charged with aggravated sexual assault by digitally penetrating the anus of a male victim. A sexual act is statutorily limited to genital openings,[1] and the anus is not such an opening. Article 120(t)(1), UCMJ. This Court is confined to the definitions formulated by Congress, and thus cannot construe "sexual act" to include the digital penetration of another's anus. See Jones, 68 M.J. at 468; Liparota v. United States, 471 U.S. 419, 424 (1985) ("The definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute.") (citation omitted).

There is plain and obvious error in this case because Appellant was charged with a legal impossibility. The actions alleged could never constitute the offense of aggravated sexual

---

[1] "Genital" is defined as "of, relating to, or being a sexual organ." Merriam-Webster's Collegiate Dictionary 521 (11th ed. 2008). "Genitalia" is defined as "the organs of the reproductive system." Id.

assault. Therefore, the specification was defective because it failed to allege the elements of aggravated sexual assault, and instructing on abusive sexual contact as an LIO was error. See Girouard, 70 M.J. at 11; McMurrin, 70 M.J. at 18; Jones, 68 M.J. at 473; United States v. Miller, 67 M.J. 385, 388–89 (C.A.A.F. 2009).

C.

An error in charging an offense is not subject to automatic dismissal, even though it affects constitutional rights. United States v. Humphries, 71 M.J. 209, 212 (C.A.A.F. 2012). Rather, this Court tests for prejudice. See Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2006) (stating that an error must materially prejudice the substantial rights of the accused); Girouard, 70 M.J. at 11–12; McMurrin, 70 M.J. at 20 (testing for prejudice where an individual was convicted of a properly alleged LIO that was not an LIO as a matter of law).

Appellant bears the burden of proving prejudice because he did not object at trial. Humphries, 71 M.J. at 217 n.10. Appellant must show "that under the totality of the circumstances in this case, the Government's error . . . resulted in material prejudice to [his] substantial, constitutional right to notice." Id. at 215. Appellant has not met this burden because he cannot establish prejudice to his

ability to defend against the charge he was convicted of or his right to notice.

D.

The charging error in this case implicates Appellant's constitutional right to notice.[2]  U.S. Const. amends. V, VI. "The Constitution requires that an accused be on notice as to the offense that must be defended against, and that only lesser included offenses that meet these notice requirements may be affirmed by an appellate court."  Miller, 67 M.J. at 388 (citing Jackson v. Virginia, 443 U.S. 307, 314 (1979); In re Winship, 397 U.S. 358, 364 (1970); Cole v. Arkansas, 333 U.S. 196, 201 (1948); Dunn v. United States, 442 U.S. 100, 107 (1979)). Appellant's due process rights were not violated because he was on notice of what he needed to defend against throughout his court-martial.  See Jones, 68 M.J. at 468 ("an accused may be convicted of uncharged LIOs precisely because they are deemed to

---

[2] The charging error in this case could have been rectified by amending the specification pursuant to Rule for Courts-Martial (R.C.M.) 603.  The practical effect of allowing abusive sexual contact to go to the members as an LIO was to effect a change to the charge sheet.  However, we do not need to decide whether the change was major or minor because Appellant did not object to the military judge's actions, and the change does not alter the fact that Appellant was not prejudiced.  See R.C.M. 603(a) Discussion ("Minor changes also include those which reduce the seriousness of an offense."), (d) (requiring the consent of the accused to a major change unless the charge or specification is preferred anew).

have notice" (citing United States v. Medina, 66 M.J. 21, 27 (C.A.A.F. 2008))).

The substitution of the term "sexual act" for "sexual contact" in the specification could be prejudicial in some circumstances.[3] However, in this case, Appellant was on notice of all of the elements he had to defend against because the specification expressly stated that Appellant placed "his fingers or another object in [MA3 L's] anus." See United States v. Rauscher, 71 M.J. 225, 226–27 (C.A.A.F. 2012) ("The specification clearly placed Appellant on notice of that against which he had to defend. . . . Appellant defended against this theory throughout the trial.").

Furthermore, the defense's strategy demonstrated that Appellant understood he was defending against all of the elements of abusive sexual contact. The defense's strategy was to (1) question whether the victim was substantially incapacitated, and (2) raise the issue of mistake of fact as to consent by Appellant. To this end, defense counsel's cross-examination of MA3 L focused on Appellant and MA3 L's previous friendship and the events leading up to the sexual contact.

---

[3] For example, the failure to expressly allege a specific body part in a specification may render such a mistake prejudicial. Likewise, where the victim is female, there may be reasonable confusion about whether a charge was intended to allege that the accused committed a sexual act by penetrating a genital opening, or committed sexual contact by touching the genital opening.

This strategy would not have changed had the specification properly alleged "contact" instead of "act."

Defense counsel did not challenge any of the elements of abusive sexual contact beyond MA3 L's incapacitation or Appellant's alleged mistake of fact. Instead, throughout the trial and during closing arguments, defense counsel readily conceded that Appellant penetrated or made contact with MA3 L's anus. The manner in which the case was argued undercuts any argument that Appellant was not on notice of what he had to defend against or that his defense preparations were hampered. Therefore, Appellant has not demonstrated prejudice to a substantial right.[4]

---

[4] This case is distinguishable from cases in which we have recently found prejudice like Humphries, Girouard, and McMurrin. In Humphries, we held that the accused was prejudiced by the failure to allege the terminal element in a contested Article 134, UCMJ, 10 U.S.C. § 934 (2006), specification. 71 M.J. at 217. The government failed to correct the error at any point during the court-martial, and there was no mention of the missing terminal element anywhere in the trial record. Id. Unlike Humphries, the charge sheet in this case specifically described the theory of the case, and the Government presented specific evidence supporting the theory described. Furthermore, as noted above, defense counsel explicitly conceded that sexual conduct amounting to sexual contact occurred. In Girouard and McMurrin, this Court found prejudice where the accused was not charged with the offense of which he was convicted, the specification was not amended in accordance with the Rules for Courts-Martial, and the accused did not defend himself on the theory of the alleged LIO. Girouard, 70 M.J. at 11; McMurrin, 70 M.J. at 20. Although the specification in this case incorrectly charged "sexual act," its factual specificity meant that Appellant was able to defend himself on the theory of

IV.

Abusive sexual contact is not an LIO of aggravated sexual assault in this case, but Appellant was not prejudiced by the error.  The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

---

abusive sexual contact throughout the court-martial.  Rauscher, 71 M.J. at 226-27.

United States v. Wilkins, No. 11-0486/NA

BAKER, Chief Judge (concurring in the result):

I generally agree with the reasoning of the majority opinion with the exception of footnote 4. Abusive sexual contact is a lesser included offense of aggravated sexual assault where contact with the genitalia is involved. The problem in this case is that the specification did not state the greater offense of aggravated sexual assault because it did not allege contact with the genitalia. Thus, based on the specification in this case, there was no greater offense from which to derive a lesser offense. This resulted in a defective specification with respect to the charge of aggravated sexual assault. However, the specification did state the offense of abusive sexual contact; Appellant was fully on notice of this charge and the factual theory upon which the Government was proceeding. He knew what he had to defend against. Therefore, any defect in the specification was harmless.