STUCKY, Judge
(concurring in part and in the result):
I concur in the majority’s judgment setting aside Appellant’s conviction for indecent acts. The specification did not place Appellant on notice that he would have to defend against committing a sexual act in an open and notorious manner, and there was no mention of this theory of the case until the findings instructions and arguments. See United States v. Wilkins, 71 M.J. 410, 414 n. 4 (C.A.A.F.2012); United States v. Rauscher, 71 M.J. 225, 226 (C.A.A.F.2012) (per curiam). I also concur in the majority’s judgment that Appellant was not prejudiced by the failure of the adultery specification to state a terminal element. I disagree, however, with the majority’s prejudice analysis.
As Appellant failed to object to the defective adultery specification at trial, we review for plain error. United States v. Humphries, 71 M.J. 209, 213 (C.A.A.F.2012). To establish plain error, an appellant has the burden to demonstrate, inter alia, that any error materially prejudiced his substantial rights. United States v. Tunstall, 72 M.J. 191, 196— 97 (C.A.A.F. 2013); Wilkins, 71 M.J. at 413; Article 59(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 859(a) (2006).
Appellant alleges prejudice only in that neither the specification nor the trial proceedings gave him sufficient notice of the missing element against which he had to defend. “But that is simply an ipse dixit recasting the conceded error — [failure of the specification to give notice] — as the [material prejudice to] substantial rights.” Puckett v. United States, 556 U.S. 129, 142, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). Appellant did not allege that his counsel was unaware of the missing element, what he would have been done differently at trial had the specification contained the missing element, or how the failure of the specification to state the missing element affected the outcome of his trial. Under these circumstances, Appellant failed to bear his burden of demonstrating prejudice.
I have set out the reasons for my differing with the majority’s prejudice analysis in my dissent in Humphries. 71 M.J. at 219 (Stucky, J., dissenting). There is no need to repeat them here. Because I would adhere to the Supreme Court’s four-prong plain error test as set out in United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and because I believe that the majority’s approach conflates the error with the prejudice, I respectfully concur in the result.