# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## William R. BISEL
### Aviation Maintenance Technician Third Class (E-4), U.S. Coast Guard

### Docket No. 002-62-13

### October 16, 2013

General Court-Martial convened by Commander, Seventeenth Coast Guard District. Article 39(a), UCMJ, sessions on 27 June 2013 by teleconference at Boston, Massachusetts, and Juneau, Alaska, and on 30 July 2013 at Juneau, Alaska.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LCDR William George, USCG |
| Assistant Trial Counsel: | LCDR John Cashman, USCG |
| Military Defense Counsel: | LT Tereza Ohley, USCGR |
| Civilian Defense Counsel: | Mr. Patrick McLain, Esq. |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |

### BEFORE
### McCLELLAND, NORRIS & GILL
Appellate Military Judges

McCLELLAND, Chief Judge:

This is a Government appeal under Article 62, Uniform Code of Military Justice (UCMJ). The accused is charged with two specifications in violation of Article 120, UCMJ. On 30 July 2013, the military judge ruled that Specification 1 of the Charge, as drafted, is defective. The Government filed notice of its appeal on 31 July 2013. On 19 August 2013, the Government filed with this Court the authenticated record of trial. The Government filed its appeal brief on 9 September 2013. Appellee filed his brief on 27 September 2013.

The Government appeals the military judge's "ruling that Specification 1 failed to state an offense." (Appellant's Br. at 2.)

Under Article 62, in a trial in which a punitive discharge may be adjudged, the Government may appeal, among other things not pertinent here, "[a]n order or ruling of the military judge which terminates the proceedings with respect to a charge of specification." Article 62(a)(1)(A), UCMJ. We conclude that we do not have jurisdiction in this case, and accordingly we dismiss the appeal.

### Proceedings Below

Specification 1, under Article 120, alleges in pertinent part as follows:

In that Aviation Maintenance Technician Third Class William R. BISEL . . . did, on board U.S. Coast Guard Air Station Sitka, on or about 06 April 2012, cause [Seaman VR] to engage in a sexual act, to wit: inserting his finger into the vulva of the said [Seaman VR], by using strength sufficient that she could not avoid or escape the sexual conduct.

This specification generally appears to allege rape as set forth in Article 120(a)(1), UCMJ, in effect on 6 April 2012, which provided that a person who causes another person to engage in a sexual act by using force against that other person is guilty of rape. Article 120(t)(1)(B) defined "sexual act," in pertinent part, to mean the penetration of the genital opening of another by a hand or finger or by any object, with a certain intent. Article 120(t)(5)(C) defined "force" to include action to overcome or prevent another's resistance by strength applied to another person sufficient that the other person could not avoid or escape the sexual conduct.

During an Article 39(a) session on 30 July 2013, the trial counsel addressed the fact that the specification alleges "inserting his finger into the vulva" as opposed to "inserting his finger into the genital opening." (R₂ at 4.) [1] He presented argument, concluding that "the Specification as charged would meet the requirement." (R₂ at 7.) During the argument, he quoted the Military Judges' Benchbook as defining "genital opening" as "the entrance to the vagina." (R₂ at 5.)

The military judge, clearly relying on that definition of "genital opening" (R₂ at 7), ruled that Specification 1 was defective (R₂ at 8). [2] She went on, "Your options for dealing with a

---

[1] The page numbering of the 30 July 2013 transcript starts over from page 1. Citations to the 30 July 2013 transcript are designated R₂.

[2] Using the given definition of "genital opening," it is not surprising that she came to that conclusion.

defective specification are to make a change. And if the defense has objected under RCM 603, your option is to re-prefer the charge." (R₂ at 8.) The defense had already objected. (R₂ at 7.)

The military judge never said she was dismissing the specification for failure to state an offense. It is clear that she ruled that the specification was defective in alleging rape.[3] There is no indication that she ruled that Specification 1 failed to state an offense, which is what the Government seeks to appeal.

## Discussion

We must first determine whether the military judge's ruling terminated the proceedings with respect to a charge or specification.

One might infer that given the defense's objection to making a change to the specification, implicitly the military judge dismissed the specification, as there was no alternative course. However, even without a change, arguably the specification alleged a lesser offense, aggravated sexual contact. That offense was similar to rape, with "sexual act" replaced by "sexual contact." Article 120(e). Article 120(t)(2) defined "sexual contact," in pertinent part, to mean the intentional touching of the genitalia, with a certain intent. Given their definitions, a sexual act necessarily includes sexual contact. *See United States v. Wilkins*, 71 M.J. 410, 412-13 (C.A.A.F. 2012). In view of the possibility that the Government could have gone forward on the specification as alleging the lesser offense of aggravated sexual contact, with due regard for *United States v. True*, 28 M.J. 1 (C.M.A. 1989), we think it is inappropriate for us to infer dismissal.

We conclude that the judge did not make a ruling terminating the proceedings with respect to Specification 1. Without such a ruling, we have no jurisdiction to hear an appeal.

---

[3] Neither the parties nor the military judge mentioned the offense under consideration during that session. However, at the previous Article 39(a) session, on a motion to dismiss for multiplicity, a central point made was that the language "using strength sufficient that she could not avoid or escape the sexual conduct" was an element of rape. (R₁ at 56-57.) In the resolution of that motion, the assistant trial counsel stated that the specification in question alleges rape. (R₁ at 256.) Hence it was surely understood by all at the later session that the specification was a rape specification.

**Decision**

The Government's appeal is dismissed for lack of jurisdiction.

Judges NORRIS and GILL concur.



For the Court,

Joseph M. Guyton
Clerk of the Court