# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA AND CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist KEVIN A. HUGGINS**
**United States Army, Appellant**

ARMY 20121043

Headquarters, United States Army Africa
Reynold P. Masterton, Military Judge
Colonel Mark Tellitocci, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr, JA, Major Vincent T. Schuler, JA; Captain Brian J. Sullivan, JA  (on brief)

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief)

20 March 2015

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A panel of officer and enlisted members, sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification aggravated assault with intent to commit infliction of grievous bodily harm and one specification of aggravated assault with a means likely to produce death or grievous bodily harm, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2006) [hereinafter UCMJ].  The panel sentenced appellant to a bad-conduct discharge, confinement for sixty days, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged and credited appellant with 20 days of confinement credit against the sentence to confinement.

We now review appellant's case under Article 66, UCMJ. Appellant raises three assignments of error, one of which warrants discussion and relief. Specifically, appellant argues the military judge erred by not merging the two aggravated assault specifications for findings as multiplicious. We agree.

## BACKGROUND

Appellant was charged and found guilty of two specifications of aggravated assault in violation of Article 128, both arising from the same conduct. The government charged appellant using alternative theories as follows:

CHARGE II: VIOLATION OF THE UCMJ, ARTICLE 128

> SPECIFICATION 1: In that [appellant], U.S. Army, did at or near Vincenza, Italy, on or about 1 May 2012, commit an assault upon [SPC JDB], by striking him in the head, face, and nose with a closed fist and did thereby intentionally inflict grievous bodily harm upon him, to wit: a fractured skull, right eye socket and nose.

CHARGE II: VIOLATION OF THE UCMJ, ARTICLE 128

> SPECIFICATION 2: In that [appellant], U.S. Army, did at or near Vincenza, Italy, on or about 1 May 2012, commit an assault upon [SPC JDB], by striking him in the head, face, and nose with means and force likely to produce death or grievous bodily harm, to wit: a closed fist.

Prior to trial, defense counsel motioned the military judge to consolidate the aggravated assault specifications as multiplicious. Defense argued in the alternative that together the two specifications constituted an unreasonable multiplication of charges. During trial, the government stated the specifications were not multiplicious but rather were charged in the alternative. The military judge ruled that Specification 2 was not a lesser included offense of Specification 1 and denied the defense motion. The panel convicted appellant of both specifications.

After findings, the military judge again refused to dismiss one of the specifications reasoning that the two specifications had different elements and were not multiplicious. He did, however, merge them for sentencing. Appellant now argues he should only be convicted of a single specification of aggravated assault. We agree and accept the government's concession in this regard.

**LAW AND DISCUSSION**

*Multipilcity*

Whether an offense is a lesser-included offense is a question of law we review de novo. *United States v. Arriaga*, 70 M.J. 51, 54 (C.A.A.F. 2011) (quoting *United States v. Miller*, 67 M.J. 385, 387 (C.A.A.F. 2009) (citations omitted)). "The prohibition against multiplicity is grounded in compliance with the 'constitutional and statutory restrictions against Double Jeopardy.'" *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)). Accordingly, an accused may not be convicted and punished for two offenses where one is necessarily included in the other, absent congressional intent to permit separate punishments. *See United States v. Teters*, 37 M.J. 370, 376 (C.M.A. 1993).

We apply the elements test to determine whether one offense is a lesser included offense of another. *United States v. Jones*, 68 M.J. 465, 468-470 (C.A.A.F. 2010). "Under the elements test, one compares the elements of each offense. If all of the elements of offense X are also elements of offense Y, then X is an LIO of Y. Offense Y is called the greater offense because it contains all of the elements of offense X along with one or more additional elements." *Id.* at 470. The elements test "permits lesser offense instructions only in those cases where the indictment contains the elements of both offenses," and as a result "gives notice to the defendant that he may be convicted on either charge." *Schmuck v. United States*, 489 U.S. 705, 718, (1989). "[A]pplying normal rules of statutory interpretation and construction, this Court will determine whether the elements of the LIO would necessarily be proven by proving the elements of the greater offense." *United States v. Wilkins*, 71 M.J. 410, 412 (C.A.A.F. 2012). As normal principles of statutory construction may be employed in this determination, "[t]he elements test does not require that the two offenses at issue employ identical statutory language." *United States v. Alston*, 69 M.J. 214, 216 (C.A.A.F. 2010). The ultimate rationale for the elements test is that "[t]he due process principle of fair notice mandates that 'an accused has a right to know what offense and under what legal theory' he will be convicted." *Jones*, 68 M.J. at 468 (quoting *United States v. Medina*, 66 M.J. 21, 26-27 (C.A.A.F. 2008)).

The elements of the aggravated assault with intent to commit infliction of grievous bodily harm are as follows:

> (1) That the accused assaulted a certain person;
>
> (2) That grievous bodily harm was thereby inflicted upon such person;

(3) That the grievous bodily harm was done with unlawful force or violence;

(4) That the accused, at the time, had the specific intent to inflict grievous bodily harm.

*Manual for Courts-Martial*, *United States* (2008 ed.) [hereinafter *MCM*], Part IV, ¶ 54.b.(4)(b); *see also* UCMJ art. 128(b)(2).

The offense of assault with a dangerous weapon or other means or force likely to produce death or grievous bodily harm contains the following elements:

(1) That the accused attempted to do, offered to do, or did bodily harm to a certain person;

(2) That the accused did so with a certain weapon, means, or force;

(3) That the attempt, offer, or bodily harm was done with unlawful force or violence;

(4) That the weapon, means, or force was used in a manner likely to produce death or grievous bodily harm.

*MCM*, Part IV, ¶ 54.b.(4)(a); *see also* UCMJ art. 128(b)(1).

While the language of the elements of each offense is not identical, a careful reading of the elements reveals the language of Art 128(b)(1) is a subset of Article 128(b)(2). One might argue that the greater offense only requires proof that the accused intended to produce death or grievous bodily harm and that grievous bodily harm was inflicted, the instrument of that harm may not necessarily have been a "means or force likely to produce death or grievous bodily harm." Such an argument, however, is contrary to the President's guidance, where he has defined "other means or force likely to produce death or grievous bodily harm" this way:

The phrase "other means or force" may include any means or instrumentality not normally considered a weapon. When the natural and probable consequence of a particular use of any means or force would be death or grievous bodily harm, it may be inferred that the means or force is "likely" to produce that result. The instrumentality may be irrelevant if the method employing its use is in a manner likely to inflict death or grievous bodily harm.

4

*MCM*, ¶ 54.c.(4)(a)(ii).  Applying normal rules of statutory interpretation and construction, we find proving the greater offense would necessarily prove the lesser offense in this case.

Here, appellant repeatedly beat an unconscious soldier about the head, face, and nose with his closed fists, resulting in broken bones and serious injury.  We cannot imagine a situation where the government could prove appellant intended to cause and actually caused grievous bodily harm in the manner alleged (as required by the greater offense) without also proving that appellant's actions were likely to produce grievous bodily harm.  We, therefore, find the aggravated assault with a means or force likely to produce grievous bodily harm or death is a proper lesser included offense of aggravated assault with intent to commit intentional infliction of grievous bodily harm.  As a remedy, we affirm the specification stating the greater offense.

## CONCLUSION

After consideration of the entire record of trial, the finding of guilty of Specification 2 of Charge II is set aside and that specification is dismissed.

The remaining findings of guilty are AFFIRMED.

Because the military judge merged both aggravated assaults findings for sentencing, the factors announced in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) weigh in favor of reassessing and affirming the sentence.  Accordingly, the sentence is AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5