*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————————

### UNITED STATES
Appellee

**v.**

### Joseph R. ARMSTRONG, Captain
United States Army, Appellant

**No. 17-0556**

Crim. App. No. 20150424

Argued March 22, 2018—Decided June 28, 2018

Military Judge: Samuel Schubert

For Appellant: *Captain Joshua B. Fix* (argued); *Lieutenant Colonel Tiffany M. Chapman, Captain Zachary A. Gray* and *Captain Bryan A. Osterhage* (on brief); *Major Todd W. Simpson.*

For Appellee: *Captain Cassandra M. Resposo* (argued); *Lieutenant Colonel Eric K. Stafford* and *Major Cormac M. Smith* (on brief).

Judge MAGGS delivered the opinion of the Court, in which Chief Judge STUCKY and Judge RYAN joined. Judge OHLSON filed a separate concurring opinion, in which Judge SPARKS joined.

————————————

Judge MAGGS delivered the opinion of the Court.

A general court-martial composed of officer members found Appellant not guilty of the offense of abusive sexual contact by causing bodily harm in violation of Article 120(d), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920(d) (2012), but guilty, as a lesser included offense, of assault consummated by a battery in violation of Article 128(a), UCMJ, 10 U.S.C. § 928(a) (2012). The court-martial also found Appellant guilty of conduct unbecoming an officer and a gentleman in violation of Article 133, UCMJ, 10 U.S.C. § 933 (2012). The military judge dismissed the Article 133, UCMJ, charge before sentencing. The court-martial sentenced Appellant to dismissal. The convening authority approved the adjudged finding and sentence. The United States Army Court of Criminal Appeals (ACCA) summarily affirmed.

We granted review on the issue of whether assault consummated by a battery, as described in *Manual for Courts-Martial, United States* pt. IV, para. 54.b.(2) (2012 ed.) (*MCM*), is a lesser included offense of abusive sexual contact by causing bodily harm, as described in *MCM* pt. IV, para. 45.b.(7)(b) (2016 ed.).[1] We hold that it is not. The elements of the former offense are not necessarily included in the latter offense. In addition, the Specification at issue in this case did not allege facts sufficient to state all of the elements of both offenses. Despite this conclusion, we affirm the decision of the ACCA because, under the applicable standard of review, Appellant has not shown material prejudice.

## I. Background

In 2014, Appellant and his wife hosted a Halloween party in their home. One of their guests, Mrs. G., consumed numerous alcoholic beverages, lay down on a couch in the living room, and fell asleep. She later awoke to find Appellant sitting next to her. Mrs. G. testified that Appellant was rubbing her genital area and that she immediately got up, found her husband, and left the party. Appellant did not testify at trial but told investigators that he may have placed his hands between Mrs. G.'s legs for warmth.

Appellant was charged with one specification of abusive sexual contact in violation of Article 120(d), UCMJ. The Specification averred that Appellant "did . . . commit sexual contact upon [Mrs. G.]., to wit: touching through the clothing the genitalia of the said [Mrs. G.], by causing bodily harm to the said [Mrs. G.], to wit: wedging his hands between her thighs."

Before presentation of the evidence on the merits, defense counsel requested findings instructions that would be relevant if the court-martial considered assault consummated by a battery to be a lesser included offense of abusive sexual contact by causing bodily harm. One request was for

---

[1] At the time of the offense in 2014, the President had not yet addressed the elements of sexual offenses under Article 120, UCMJ, in pt. IV of the *MCM. See MCM* pt. IV, para. 54 Note (2012 ed.). The President issued the description of elements in 2016. We conclude that the 2016 description is the proper interpretation of Article 120(d), UCMJ, at the time of the offense.

a "[m]istake of fact instruction with regard to battery, the lesser included offense." Another request was for a definition of "[u]nlawful touching," which, as discussed below, is an element of assault consummated by a battery. Further, defense counsel requested the instruction that, "With regard to the lesser included offense of battery[,] the actor need not actually intend or foresee [consequences to others]; it is only necessary that a reasonable person in such circumstances would have realized substantial and unjustified danger created by his act."

Defense counsel, however, never expressly agreed that assault consummated by a battery was a lesser included offense of abusive sexual contact by causing bodily harm. At an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2012), session after presentation of the evidence, the military judge asked: "Counsel, do you see any lesser included offenses that are in issue in this case?" Defense counsel answered, "No, Your Honor." Trial counsel answered, "Yes, sir, the lesser included offense of Article 128, assault, as the Article 120 Charge." The military judge then asked: "Defense, what say you?" Defense counsel responded: "Taking no position on it, judge." The military judge then said: "Very well. I think I agree with the government on this one, that assault consummated by a battery would be a lesser included offense of The Specification of Charge I. If counsel for either side finds case law or some other contrary law on the subject, please provide it to me during th[e] break." Neither side showed the military judge any contrary authority. The military judge subsequently instructed the members that assault consummated by a battery is a lesser included offense of abusive sexual contact.

The members found Appellant not guilty of abusive sexual contact by causing bodily harm in violation of Article 120(d), UCMJ, but after modifying the Specification with exceptions and substitutions, *see* Rule for Courts-Martial (R.C.M.) 918(a)(1), the members found Appellant guilty of the offense of assault consummated by a battery in violation of Article 128(a), UCMJ.[2] *See* Article 79, UCMJ, 10 U.S.C.

---

[2] The members returned a finding of "Guilty, except the words, 'commit sexual contact upon,' and 'to wit: touching through the

§ 879 (2012). As noted previously, the members also found Appellant guilty of conduct unbecoming an officer and a gentleman in violation of Article 133, UCMJ, but the military judge dismissed this charge.

Appellant now argues that assault consummated by a battery is not a lesser included offense of abusive sexual contact by causing bodily harm. Appellant asks this Court to set aside and dismiss the findings and the sentence.

## II. Standard of Review

The standard of review in this case depends on whether Appellant preserved, waived, or forfeited the granted issue. Appellant argues that defense counsel preserved the issue at trial by answering "[n]o" when the military judge asked if defense counsel saw any lesser included offense. We disagree.

We have held that "[w]hile there are no 'magic words' dictating when a party has sufficiently raised an error to preserve it for appeal, of critical importance is the specificity with which counsel makes the basis for his position known to the military judge." *United States v. Killion*, 75 M.J. 209, 214 (C.A.A.F. 2016) (quoting *United States v. Smith*, 50 M.J. 451, 456 (C.A.A.F. 1999)). Considering the entire exchange between the military judge and defense counsel, we conclude that defense counsel failed to make known both the defense's position and the basis for it, on whether assault consummated by a battery is a lesser included offense. Defense counsel's initial answer of "[n]o" may have meant that defense counsel believed, at the start of the colloquy, that there was no lesser included offense at issue in this case. But defense counsel's subsequent statement that counsel was "[t]aking no position" on the Government's assertion that assault consummated by a battery was a lesser included offense and the lack of response when the military judge asked for contrary authority indicate that defense counsel, in the end, was leaving the task of determining what was or

clothing the genitalia of the said Mrs. G., by causing bodily harm to the said Mrs. G.' substituting therefor the words 'unlawfully touch.' Of the excepted: Not Guilty; Of the substituted words: Guilty."

was not a lesser included offense to the military judge. Appellant thus did not preserve the issue.

This leads us to the question of whether Appellant waived or forfeited the issue. The Government does not argue Appellant's statements amounted to a waiver, and we see no reason to disagree. Accordingly, we conclude that Appellant forfeited the issue by not properly preserving it at trial. *See United States v. Oliver,* 76 M.J. 271, 273 (C.A.A.F. 2017) (similarly concluding that an accused had not waived but instead merely forfeited the issue of whether one offense was a lesser included offense of another).

In cases of forfeiture, we review for "plain error." *Id.* at 274–75. Under plain error review, the appellant has the burden of demonstrating "(1) error that is (2) clear or obvious and (3) results in material prejudice to his substantial rights." *United States v. Knapp,* 73 M.J. 33, 36 (C.A.A.F. 2014) (citation omitted). Under this standard, even if there was an error, no relief is warranted unless the appellant can show the second and third requirements. *United States v. Robinson*, 77 M.J. 294, 299 (C.A.A.F. 2018).

## III. Discussion

In accordance with the plain error standard of review, we now consider three questions: (1) Did the military judge err in instructing the members that assault consummated by a battery was a lesser included offense of abusive sexual contact by causing bodily harm?; (2) If there was an error, was the error clear or obvious?; and (3) Has Appellant shown that the error caused him to suffer material prejudice?

### A. Lesser Included Offense Analysis

To prepare a defense, the accused must have notice of what the government is required to prove for a finding of guilty. *See United States v. Miller*, 67 M.J. 385, 388 (C.A.A.F. 2009). The charge sheet provides the accused notice that he or she will have to defend against any charged offense and specification. In addition, Article 79, UCMJ, authorizes a court-martial to find the accused "guilty of an offense necessarily included in the offense charged." The theory of Article 79, UCMJ, is that the accused will have notice of an offense necessarily included in the charged offense be-

cause "the elements of the lesser offense are a subset of the elements of the greater offense alleged," thereby "put[ting] the accused on notice to be prepared to defend against [the lesser offense] in addition to the offense specifically charged." *MCM* pt. IV, para. 3.b.(1) & Discussion (2012 ed.). No article of the UCMJ, however, currently authorizes a court-martial to find the accused guilty of an offense that is not necessarily included in a charged offense.[3] Accordingly, it is error for the military judge to instruct the members that they may find the accused guilty of an offense that is not necessarily included of the offense charged. *See United States v. Miergrimado*, 66 M.J. 34, 36 (C.A.A.F. 2008).

The "elements test" determines whether an offense is "necessarily included in the offense charged" under Article 79, UCMJ. *United States v. Jones*, 68 M.J. 465, 472 (C.A.A.F. 2010). We have applied the elements test in two ways. The first way is by comparing the statutory definitions of the two offenses. An offense is a lesser included offense of the charged offense if each of its elements is necessarily also an element of the charged offense. *See, e.g., United States v. Gaskins*, 72 M.J. 225, 235 (C.A.A.F. 2013) (holding that assault consummated by a battery is a lesser included offense of indecent assault based solely on a comparison of statutory elements of the two offenses); *MCM* pt. IV, para. 3.b.(1) (2012 ed.). The second way is by examining the specification of the charged offense. An offense can also be a lesser included offense of the charged offense if the specification of the charged offense is drafted in such a manner that it alleges facts that necessarily satisfy all the elements of each offense. *See, e.g., United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011) (holding that housebreaking is a lesser included offense of burglary because the specification of the burglary offense "allege[d] the elements of both offenses"); *United States v. Riggins*, 75 M.J. 78, 85 n.7 (C.A.A.F. 2016)

---

[3] The Military Justice Act of 2016, when it becomes effective, will authorize a court-martial to find the accused guilty not only of "an offense that is necessarily included in the offense charged" but also "any lesser included offense so designated by regulation prescribed by the President." National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5402, 130 Stat. 2000, 2937 (2016).

(holding that assault consummated by a battery contains an element that is not included in the sexual assault and abusive sexual contact by placing the other person in fear offenses but leaving open "the possibility that in other cases the Government may charge an accused with sexual assault and/or abusive sexual contact in such a manner that assault consummated by a battery may be a lesser included offense").[4] If the elements test is satisfied in either way, the accused will have the notice necessary to prepare a defense.

### 1. Statutory Definitions of the Two Offenses

Article 120(d), UCMJ,[5] defines the offense of abusive sexual contact as follows:

> Any person subject to this chapter who commits or causes sexual contact upon or by another person, if to do so would violate subsection (b) (sexual assault) had the sexual contact been a sexual act, is guilty of abusive sexual contact and shall be punished as a court-martial may direct.

Understanding this provision requires reference to definitions in four other sections of Article 120, UCMJ. Section (b)(1)(B) defines the offense of "[s]exual assault" to include "commit[ting] a sexual act upon another person by . . . (B) causing bodily harm to that other person." Section (g)(1)(A)–(B) defines a "[s]exual act" to include "contact between the penis and the vulva or anus or mouth" or "penetration, however slight, of the vulva or anus or mouth of another by any part of the body or by any object, with an intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person." Section (g)(2)(A)–(B) defines "[s]exual contact" to include "touching . . . either directly or through the clothing, the genitalia . . . with an intent to abuse, humiliate, or degrade any person; or . . . to arouse or gratify the sexual desire of any person." Finally, section (g)(3) defines "[b]odily harm" to mean "any offensive

---

[4] The fact that an act might have been charged as an offense other than the charged offense is irrelevant to the elements test if the charging language does not cover both offenses.

[5] The 2012 version of Article 120, UCMJ, applies to this offense because the offense occurred in 2014.

touching of another, however slight, including any nonconsensual sexual act or nonconsensual sexual contact."

Working through the text of Article 120(d), UCMJ, and these four definitions quoted above, the President has identified several ways that "[a]busive sexual contact" might be committed. *MCM* pt. IV, para. 45.b.(7)(a)−(f) (2016 ed.). At issue here is "Abusive sexual contact involving the touching of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person . . . [b]y causing bodily harm." *Id.* at pt. IV, para. 45.b.(7)(b). The President has determined that this offense has three elements:

> (i) That the accused committed sexual contact upon another person by touching, or causing another person to touch, either directly or through the clothing, the genitalia, anus, groin, breast, inner thigh, or buttocks of any person;
>
> (ii) That the accused did so by causing bodily harm to that other person; and
>
> (iii) That the accused did so with intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person.

*Id.* at pt. IV, para. 45.b.(7)(b)(i)−(iii). We agree with this statement of the elements as a correct interpretation of Article 120(d), UCMJ.

We turn now to the offense of assault consummated by a battery. Under Article 128(a), UCMJ, "[a]ny person subject to this chapter who attempts or offers with unlawful force . . . to do bodily harm to another person, whether or not the attempt or offer is consummated, is guilty of assault and shall be punished as a court-martial may direct." Based on this text, the President has identified the two elements of the offense of assault consummated by a battery as follows:

> (a) That the accused did bodily harm to a certain person.
>
> (b) That the bodily harm was done with unlawful force or violence.

*MCM* pt. IV, para. 54.b(2)(a), (b) (2012 ed.). We previously have agreed with this statement of the elements. *See United States v. Johnson*, 54 M.J. 67, 69 (C.A.A.F. 2000).

In comparing the elements of the offense of abusive sexual contact by causing bodily harm to the elements of the offense of assault consummated by a battery, we begin by noting that they both require proof of "bodily harm." Bodily harm is defined as an "offensive touching."[6] Assault consummated by a battery requires the accused to commit the offensive touching "with unlawful force or violence." Abusive sexual contact by causing bodily harm requires the accused to commit the offensive touching with "an intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person."

Despite this difference in the required manners of causing an offensive touching, the Government argues that assault consummated by a battery is a lesser included offense of abusive sexual contact by causing bodily harm because it is impossible to identify any conduct that would constitute the latter offense that did not also constitute the former. We agree that the elements test does not require the elements of the lesser and greater offense to be defined with identical statutory language. *See United States v. Bonner*, 70 M.J. 1, 2 (C.A.A.F. 2011). We also agree that in many (and perhaps most) cases, an offensive touching done with intent to "abuse, humiliate, harass, or degrade" will also be an offensive touching done with "unlawful force." The offensive touching could not be accidental because then it would not be done with intent to "abuse, humiliate, harass, or degrade." And as the Government explains in its brief, an offensive touching cannot be consensual because then it would not be offensive.

---

[6] The definition of "bodily harm" for each offense is slightly different. In Article 120, UCMJ, "bodily harm" means "any offensive touching of another, however slight, including any nonconsensual sexual act or nonconsensual sexual contact." Article 120(g)(3), UCMJ; *MCM* pt. IV, paras. 45.c.(2), 45.a.(g)(3) (2016 ed.). In Article 128, UCMJ, "[b]odily harm" means "any offensive touching of another, however slight." *MCM* pt. IV, para. 54.c.(1)(a) (2012 ed.). The variation in wording, however, does not appear to make a difference in this case. The additional phrase "including any nonconsensual sexual act or nonconsensual sexual contact" appears to serve the purpose of providing examples for clarity, rather than of making the definition of "bodily harm" broader or narrower.

But the Government is not correct in arguing that it is impossible to commit abusive sexual contact by causing bodily harm without also committing assault consummated by a battery. Consider, for example, the facts of *United States v. Claxton*, No. ACM 38188 (rem), 2016 CCA LEXIS 649, 2016 WL 6575036 (A.F. Ct. Crim. App. Oct. 31, 2016) *aff'd* 76 M.J. 356 (C.A.A.F. 2017). In that case, the appellant admitted that he pulled down his pants and positioned himself next to an intoxicated woman so that the woman would touch his penis when she moved her hand. *Id.* at *26–27, 2016 WL 6575036, at *8–9. On these facts, the appellant's action could constitute abusive sexual contact by causing bodily harm because the appellant (i) caused another person to touch his penis,[7] (ii) caused bodily harm (i.e., an offensive touching), and (iii) did so to gratify his sexual desire. The touching, however, would not constitute an assault consummated by a battery because the appellant did not use "unlawful force or violence" when he positioned himself so that the woman would touch him. Although examples like this may be unusual,[8] the question under the elements test is whether the elements of one offense are necessarily included in the elements of another. Looking at just the elements of the two offenses, assault consummated by a battery is not necessarily included in abusive sexual contact by causing bodily harm.

---

[7] In many "causing another person to touch" cases, the allegation is that the accused grabbed the victim's hand and forced the victim to touch him. In *Claxton*, the victim testified that appellant did just that. 2016 CCA LEXIS 649, at *26–27, 2016 WL 6575036, at *8. But the court concluded that the dispute over what happened did not matter. The court reasoned: "Although [the victim] testified Appellant grabbed her hand and placed it on his penis, Appellant's admission to moving his body so that her hand touched his penis would be sufficient to convict Appellant." *Id.* at *28, 2016 WL 6575036, at *9. The court-martial found the appellant in *Claxton* guilty of wrongful sexual contact in violation of Article 120(m), 10 U.S.C. § 920(m) (2006) (as amended by the National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109-163, § 552, 119 Stat. 3136, 3258 (effective Oct. 1, 2007)).

[8] At oral argument, Appellant suggested a similar hypothetical case. Oral Argument at 1:59:45–2:00:40, *United States v. Armstrong*, 17-0556 (Mar. 22, 2018).

### 2. Language of the Specification

As explained above, even if the elements of an offense are not necessarily a subset of the elements of the charged offense, the charging language may ensure that the offense is "necessarily included in the offense charged" within the meaning of Article 79, UCMJ. *See, e.g., Arriaga*, 70 M.J. at 55; *Riggins*, 75 M.J. at 85 n.7. A specification of abusive sexual contact by causing bodily harm, for example, might allege that the offensive touching was done both with an intent to "abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person" as required by Article 120(g), UCMJ, and with "unlawful force" as required by Article 128(a), UCMJ. In such a case, instructing the members that they may find the accused guilty of assault consummated by a battery would not be error.

In this case, however, the charging language did not suffice to state both offenses. The Specification of abusive sexual contact by causing bodily harm contained two particulars, one identifying the "sexual contact" (i.e., "touching through the clothing the genitalia") and the other identifying the "bodily harm" (i.e., "wedging his hands between her thighs"). The definition of "sexual contact" provided notice that the Government would attempt to prove that Appellant touched Mrs. G.'s genitalia with intent to "abuse, humiliate, or degrade." But the definition of "bodily harm" provided notice only that the Government would attempt to prove that the wedging of his hands between her thighs was an offensive touching. Neither the definition of bodily harm nor any factual averment in the Specification provided notice that the Government would have to prove that the wedging of his hands was done "with unlawful force or violence."[9] The Specification therefore did not state the elements of both abusive sexual contact by causing bodily harm and assault consummated by a battery.

---

[9] The analysis would be different if the Specification originally had contained words such as "unlawfully touch," as added by the members in their finding in this case, *see supra* note 2, and as recommended in the *MCM*'s sample specification, *see MCM* pt. IV, para. 54.f.(2) (2012 ed.).

### 3. Conclusion

We thus conclude that the military judge erred in instructing the members that assault consummated by a battery was a lesser included offense of abusive sexual contact by causing bodily harm. We leave open the possibility that in a future case a specification could be drafted in such a manner that it alleges the elements of both assault consummated by a battery and abusive sexual contact. We also leave open the possibility that assault consummated by a battery could be a lesser included offense of other Article 120, UCMJ, offenses. *See, e.g.*, Article 120(c), UCMJ (stating the offense of "[a]ggravated sexual contact" by using force).

### B. Plain Error Analysis

The error in instructing the members that assault consummated by a battery was a lesser included offense was "clear" or "obvious" under the elements test. As explained above, assault consummated by a battery requires bodily harm that "was done with unlawful force or violence" while abusive sexual contact by bodily harm does not. We have determined that other similar errors regarding what is a lesser included offense to be plain errors. *See, e.g., United States v. Tunstall*, 72 M.J. 191, 195 (C.A.A.F. 2013).[10]

We must now consider whether Appellant suffered material prejudice. In cases involving incorrect instructions regarding lesser included offenses, prejudice can be caused by not having "notice as to the offense that must be defended against." *Miller*, 67 M.J. at 388 (citation omitted). Appellant argues that he suffered prejudice because he only learned

---

[10] Despite our conclusion that the error was clear or obvious, we recognize that the military judge and counsel had limited guidance in addressing this issue. The 2012 *MCM*, in effect at the time of trial, did not identify the lesser included offenses for abusive sexual contact. *See MCM,* Analysis of Punitive Articles, app. 23 at A23−16 (2012 ed.) (noting that the lesser included offenses would "be published in subsequent Executive Order"). We also note that Appendix 12A to the 2016 *MCM* identifies assault consummated by a battery as a possible lesser included offense of abusive sexual contact "[d]epending on the factual circumstances in each case." *MCM,* Lesser Included Offenses, app. 12A at A12A-1, A12A−4 (2016 ed.).

that he needed to defend himself against the charge of assault consummated by a battery after the close of evidence. He asserts that, if he had known earlier, he could have presented a defense addressing the requirement that the bodily harm must be caused by "unlawful force." For example, he might have chosen to testify and, in testifying, might have provided evidence that the touching in this case was not unlawful.

We disagree. The manner in which a case was contested may reveal whether an accused was prejudiced by an erroneous consideration of an offense that is not actually a lesser included offense. *See Oliver,* 76 M.J. at 275. For example, in *United States v. Wilkins*, 71 M.J. 410 (C.A.A.F. 2012), we held that abusive sexual contact was not a lesser included offense of aggravated sexual assault as charged. But we concluded that the appellant in that case was not prejudiced because his defense strategy focused, inter alia, on mistake of fact as to consent, demonstrating that he was on notice of the elements he needed to defend against. *Id.* at 414. In this case, although Appellant later said that he did not see any lesser included offenses, the record shows that Appellant requested instructions before the presentation of evidence regarding defenses to assault consummated by a battery. One of these instructions concerned "unlawful touching," and thus addressed the requirement of unlawful force. We therefore agree with the Government that Appellant had notice of how he needed to defend himself at the start of the case. Therefore, he suffered no material prejudice resulting from error in this case.

Appellant argues in the alternative that he does not have to show prejudice based on the reasoning of our recent decision in *United States v. Reese*, 76 M.J. 297 (C.A.A.F. 2017). In that case, interpreting the language of R.C.M. 603(d), we held that if a court-martial improperly allows a major change to a referred charge or specification over the accused's objection, the accused need not show prejudice because the court-martial lacks jurisdiction to consider the new charge. *Id.* at 301–02. Appellant seeks to extend *Reese* by analogizing the court-martial's consideration of assault consummated by a battery to a major change to the Specification of abusive sexual contact by causing bodily harm.

13

We have not previously considered Appellant's proposed analogy. Looking at the issue now, we conclude that a *correct* instruction regarding a lesser included offense is not analogous to a major change to a specification. Under R.C.M. 603(a), major changes are those which "add a . . . substantial matter not fairly included in those previously preferred." Under the elements test, a proper lesser included offense is wholly included in the greater charged offense.

In contrast, we agree that an *incorrect* instruction on a lesser included offense might have some similarities to a major change in a specification. In this case, the court-martial could not have found Appellant guilty of assault consummated by a battery based on the Specification as written. But we need not decide whether the proposed analogy is valid. Even if we were to equate the erroneous instruction in this case to a major change to the Specification, the reasoning in *Reese* would not apply. R.C.M. 603(d) requires preferral anew *only* when a major change is "made over the objection of the accused." In this case, as explained above, Appellant did not object to the lesser included offense instruction. He, therefore, had to show material prejudice to obtain relief.

## IV. Judgment

The judgment of the United States Army Court of Criminal Appeals is affirmed.

Judge OHLSON, with whom Judge SPARKS joins, concurring.

In cases where an appellant was convicted of a putative lesser included offense, the key issue is "notice." Specifically, "[t]he Constitution requires that an accused be on notice as to the offense that must be defended against, and … only lesser included offenses that meet these notice requirements may be affirmed by an appellate court." *United States v. Wilkins*, 71 M.J. 410, 413–14 (C.A.A.F. 2012) (citation omitted) (internal quotation marks omitted).

The primary tool we use to determine whether an accused was on notice about the offense he needed to defend against is the elements test. *Id.* at 412. In conducting this test, we check to see whether all of the elements in the offense of which the appellant was convicted were also in the offense with which the appellant was originally charged. *Id.*

We first look at the plain language of the applicable statutes. With regard to the instant case, Article 128(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928(a) (2012), explicitly states that one of the elements the government must prove in order to secure a conviction for assault consummated by a battery is that the bodily harm was done "with unlawful force or violence." However, the charged offense of abusive sexual contact contains no such requirement. Article 120(b)(1)(B), (d), UCMJ, 10 U.S.C. § 920(b)(1)(B), (d) (2012). Thus, the plain language of the UCMJ did not put Appellant on notice that he needed to defend against this uncharged element at trial.

We next engage in statutory construction to determine whether a close analysis of the relevant statute(s) reveals that the elements of the putative lesser offense were implicitly subsumed by the elements of the charged offense. *See Wilkins*, 71 M.J. at 412 (noting that "after applying normal rules of statutory interpretation and construction, this Court" looks to whether "the elements of the [lesser included offense] would necessarily be proven by proving the elements of the greater offense"); *Manual for Courts-Martial, United States* pt. IV, para. 3.b.(1)(c) Discussion (2016 ed.) (*MCM*) ("The elements test does not require identical statutory language, and use of normal principles of statutory in-

terpretation is permitted."). As demonstrated below, that was not the case here.

Article 120, UCMJ, lists the following four offenses: rape; sexual assault; aggravated sexual contact; and abusive sexual contact. Article 120(a)–(d), UCMJ. *Aggravated* sexual contact explicitly requires proof of "unlawful force," but *abusive* sexual contact does not. *Compare* Article 120(a)(1), (c), UCMJ, *and MCM* pt. IV, para. 45.b.(5)(a), *with* Article 120(b)(1)(B), (d), UCMJ, *and MCM* pt. IV, para. 45.b.(7)(b).[1] If we were to graft onto abusive sexual contact the requirement that the Government prove "unlawful force," we would be vitiating the statutory distinction between aggravated sexual contact and abusive sexual contact. Stated differently, by finding that abusive sexual contact implicitly contains an "unlawful force" element, we would be making the "unlawful force" element of aggravated sexual contact, and the offense itself, superfluous. This we must not do. *See TRW Inc. v. Andrews,* 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous …." (citation omitted) (internal quotation marks omitted)).

I write separately because I believe that this application of the elements test to the relevant statutory provisions in the instant case—standing alone—is sufficient to demonstrate that assault consummated by a battery is not a lesser included offense of abusive sexual contact by causing bodily harm.

That does not end our analysis, however. As noted by the majority, in such circumstances we also must look to the language that the government actually used in the charged specification to determine whether that language adequately placed the appellant on notice of the need to defend against the missing element. *See Riggins*, 75 M.J. at 83 (noting that

---

[1] I recognize that "unlawful force" under Article 120, UCMJ, is defined differently than "unlawful force or violence" for assault consummated by a battery. *Compare* Article 120(g)(5)–(6), UCMJ, *with United States v. Riggins*, 75 M.J. 78, 83 n.5, 84 (C.A.A.F. 2016), *and MCM* pt. IV, para. 54.c.(1). However, this difference is not material for purposes of this analysis.

courts should "examine the offense 'in the context of the charge at issue'" (citation omitted)); *United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011) (holding that "[t]he offense as charged" was a lesser included offense). Here, the specification did not use language that references in any manner "unlawful force or violence." Therefore, the Government violated Appellant's right to receive notice about the offense which he needed to defend against at trial.

As the majority ably demonstrates, however, this violation constituted harmless error in this particular case. *United States v. Armstrong*, __ M.J. __, __ (12–14) (C.A.A.F. 2018). Accordingly, I agree with the majority and concur in affirming the decision of the lower court.