# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-3453

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

WILLIAM PAPPAS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 03 CR 293—**J.P. Stadtmueller**, *Judge.*

_____

SUBMITTED FEBRUARY 18, 2005—DECIDED MAY 27, 2005

_____

Before FLAUM, *Chief Judge*, and KANNE and EVANS,
*Circuit Judges.*

FLAUM, *Chief Judge*. Defendant-appellant William Pappas
pled guilty to conspiracy to commit bank fraud, for which
the district court sentenced him to two years of incarcera-
tion and two years of supervised release. In addition, the
court ordered him to pay restitution in the amount of
$53,255. Pappas appeals only the restitution order. For the
reasons stated herein, we affirm.

## I. Background

On December 17, 2003, a grand jury returned a 22-count indictment against Pappas and three alleged co-conspirators. In count one, all four defendants were charged with conspiracy to commit bank fraud. Early the following year, Pappas and the government entered into a plea agreement under which Pappas agreed to plead guilty to count one and the government agreed to move to dismiss the remaining 21 counts against him. As part of the agreement, Pappas admitted that he had conspired with the other defendants in several check-kiting schemes. In one scheme not charged in the indictment but admitted to in his plea agreement, Pappas caused a check-cashing business, Game Financial Corp. d/b/a Game Cash, to lose $153,470, of which Pappas had repaid $85,215 before being indicted. Pappas acknowledged in the plea agreement that he still owed Game Cash $69,095.[1]

At his sentencing hearing, Pappas told the district court that he had entered into a civil settlement agreement with Certegy Check Services ("Certegy"), Game Cash's successor-in-interest, under which he was to pay $15,000 in exchange for a release from further civil liability. He asked the district court to delay ruling on the issue of restitution so that the parties could "sort out" the implications of the settlement. The court agreed to give the parties a chance to brief the issue of restitution and entered a judgment which set only the terms of imprisonment and supervised release.

The government filed a brief with the district court arguing that Pappas's private settlement agreement did not relieve him of his obligation to pay full restitution. It as-

---

[1] It appears that this is an arithmetic error; the difference between $153,470 and $85,215 is $68,255, not $69,095.

serted that Pappas still owed Certegy $53,255 ($68,255[2] minus the $15,000 Pappas had paid under the settlement agreement). Pappas did not file a response to the government's brief or make any filings with regard to restitution. Thereafter, the court adopted the government's position and entered an order and an amended judgment directing Pappas to pay restitution to Certegy in the amount of $53,255.

Pappas appeals the judgment, essentially arguing that his civil settlement relieves him of the obligation to pay restitution under the Mandatory Victim Restitution Act ("MVRA"). The government responds that Pappas either waived his right to challenge the restitution order on this ground by entering into the plea agreement, or forfeited his arguments regarding restitution by failing to raise them in the district court. Pappas did not file an appellate reply brief and has not addressed the government's waiver and forfeiture arguments.

## II. Discussion

Before we can reach the merits of Pappas's appeal of the restitution order, we must determine if he either waived or forfeited the issue. "Waiver and forfeiture are related doctrines; waiver occurs when a defendant intentionally relinquishes or abandons a known right, whereas forfeiture occurs when a defendant fails to timely assert his rights." *United States v. Harris*, 230 F.3d 1054, 1058 (7th Cir. 2000) (citing *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000); *United States v. Olano*, 507 U.S. 725, 730-34 (1993)). "A forfeiture is basically an oversight; a waiver is a deliberate decision not to present a ground for relief that might be available in the law." *United States v. Cook*, 406 F.3d 485 (7th Cir. 2005). While we review forfeited issues for plain

---

[2]   By this time, the government had corrected the arithmetic error.

error, "we cannot review waived issues at all because a valid waiver leaves no error for us to correct on appeal." *Harris*, 230 F.3d at 1058-59.

Pappas does not dispute that Game Cash's successor is a proper recipient of restitution. Rather, he argues that, in light of his civil settlement, he should not be required to pay restitution under the MVRA. The government contends that Pappas waived his right to challenge the district court's order of restitution by expressly agreeing in a written plea agreement to the amount of restitution ordered by the district court. We review plea agreements like we review contracts, applying the principles of contract law and asking whether the agreement encompasses a "meeting of the minds" between the parties. *See United States v. Randle*, 324 F.3d 550, 557-58 (7th Cir. 2003). If a defendant knowingly agreed to relinquish a specific right in exchange for concessions from the government, then that right has been intentionally abandoned and thus waived. *See Cook*, 406 F.3d 485; *Olano*, 507 U.S. at 733.

Here, the plea agreement between Pappas and the government contained the following term:

> The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction, in an amount to be determined by the Court. In particular, the defendant agrees to pay [Game Cash] restitution in the amount of $69,095 or such other amount as may be determined by the Court.

In accepting this term, Pappas expressly agreed to pay restitution in the amount of $69,095 (or $68,255 after the error was corrected) and waived the right to argue that he should be required to pay a lesser amount under the MVRA.

To date, Pappas has paid only $15,000 of the promised $68,255. The district court reduced the amount of restitu-

tion so that Pappas would be required to pay only $53,255, the balance of the promised amount. In doing so, the court followed the express agreement of the parties and so Pappas "has no basis for complaint." *United States v. Peterson*, 268 F.3d 533, 535 (7th Cir. 2001); *see also United States v. Driver*, 242 F.3d 767, 770 (7th Cir. 2001) ("When the court does exactly what the defendant wants, the defendant has waived rather than simply forfeited any argument that things should have been done otherwise.").

Although they may not have anticipated the civil settlement when entering into the plea agreement, both Pappas and the government assumed the risk of future changes in circumstances when they bound themselves in exchange for certain benefits. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). The government wanted Pappas to repay Game Cash $68,255 and offered concessions, including dismissing 21 of the 22 counts against him, that Pappas and his lawyer considered adequate to induce him to forgo his right to argue for a reduction of the amount of restitution. *See id.* Had Pappas wished to leave open the opportunity to argue that his restitutionary obligations were contingent upon the absence of a civil settlement, he could have chosen to not enter into the plea agreement unless such a limitation was added. He did not. Pappas has presented no evidence that he agreed to anything less than the unconditional payment of $68,255. Accordingly, he waived his right to argue that he should pay less.

### III.  Conclusion

Pappas's waiver precludes appellate consideration of whether his civil settlement relieves him of the obligation to pay restitution under the MVRA. Accordingly, the judgment of the district court is AFFIRMED.

A true Copy:

     Teste:

                          _____

                          *Clerk of the United States Court of*
                              *Appeals for the Seventh Circuit*