STUCKY, Judge
(concurring in the result):
In my opinion, the discussions of plain error at this Court and the United States Army Court of Criminal Appeals (CCA) are superfluous. This was a case where Appellant affirmatively waived his right to appeal the military judge’s decision not to recall the requested witnesses.
After closing arguments and the military judge’s instructions, one of the court members asked if it was “too late to recall two of the witnesses” because he had “two questions.” When the military judge asked the names of the witnesses, the panel member stated:
[MEM]: Either Dr. Ellwood or one of the other medical doctors.
MJ: They’ve all been permanently excused.
[MEM]: Okay.
MJ: So, yes it would be.
[MEM]: And Mrs. Clifton, has she been permanently excused?
MJ: She has not been permanently excused. However, we have closed all of the evidence.
[MEM]: Okay.
MJ: Is there an objection to that, my answer to the panel members?
TC: No, Your Honor.
DC: No, Your Honor.
On appeal, Appellant asserted that the military judge had committed prejudicial error by refusing to recall the two witnesses requested by one of the court members. Based in part on this Court’s opinion in United States v. Lampani, 14 M.J. 22 (C.M.A.1982), the CCA refused to apply waiver to this issue. United States v. Clif *496 ton, No. 20091092, 2012 CCA LEXIS 139, at *5, 2012 WL 1405727, at *2 (A.Ct.Crim.App. Apr. 23, 2012) (per curiam) (unpublished).
In Lampani, after deliberations began, the president of the court asked the military judge if it was still possible to question a witness. The military judge answered that it was not possible because the witnesses had been excused and the panel had heard the arguments of the parties. 14 M.J. at 24-25. There was no defense objection to this instruction. Id. at 25. This Court held that the military judge erred by failing to recall the witnesses, refusing to “equate [the defense counsel’s] silence with a waiver,” id. at 27, even though the defense counsel failed to ascertain which witness the court desired to question.
Here, unlike in Lampani, Appellant knew the identity of the witnesses the member wished to recall. Appellant had an opportunity to decide whether he wanted those witnesses recalled and affirmatively declined to object to the military judge’s decision not to recall them. As both witnesses had testified for the prosecution, and the defense counsel argued that one of those witnesses — Appellant’s wife — was the only person who could have committed the offense, it is reasonable to infer that Appellant did not want to give either witness an additional opportunity to clear up any questions the members might have. Appellant intentionally waived a known right, which extinguished his right to raise this issue on appeal. United States v. Gladue, 67 M.J. 311, 314 (C.A.A.F.2009).
Despite recognizing that an intentional waiver extinguishes an accused’s right to raise the issue on appeal, Judge Erdmann states in his separate opinion that, because the Government failed to certify the CCA’s ruling that waiver did not apply, the waiver issue is not properly before this Court. United States v. Clifton, 71 M.J. 489, 492 (C.A.A.F.2013) (Erdmann, J., concurring in the result). I disagree. If an accused’s “ ‘valid waiver leaves no error for [this Court] to correct on appeal,’ ” United States v. Campos, 67 M.J. 330, 332 (C.A.A.F.2009) (quoting United States v. Pappas, 409 F.3d 828, 830 (7th Cir.2005)), whether the Government raises the issue is irrelevant.