*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Christopher L. Oliver, Senior Airman**
United States Air Force, Appellant

**No. 16-0484**
Crim. App. No. 38481

Argued February 7, 2017—May 24, 2017

Military Judge: Donald R. Eller Jr.

For Appellant: *Major Johnathan D. Legg* (argued); *Major Christopher D. James* and Captain Jarett F. Merk (on brief); *Colonel Jeffrey G. Palomino*.

For Appellee: *Major Meredith L. Steer* (argued); *Colonel Katherine E. Oler* and *Gerald R. Bruce*, Esq. (on brief).

Judge SPARKS delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges RYAN and OHLSON joined. Judge STUCKY filed a separate opinion concurring in the result.

————————

Judge SPARKS delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of two specifications of violating a general regulation, one specification of dereliction of duty, and three specifications of adultery, in violation of Articles 92 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 934. Contrary to his pleas, Appellant was convicted of five specifications of violating a general regulation, one specification of wrongful sexual contact as a lesser included offense of abusive sexual contact, and consensual sodomy, in violation of Articles 92, 120, and 125, UCMJ, 10 U.S.C. §§ 892, 920, 925. The adjudged and approved sentence provided for a reduction to E-1, twenty-four months of confinement, and a dishonorable discharge. The United States Air Force Court of Criminal Appeals affirmed the findings and sentence as approved by the convening authority. *United States v. Oliver*, No. ACM 38481 (f rev),

2016 CCA LEXIS 101, at \*26, 2016 WL 791485, at \*10 (A.F. Ct. Crim. App. Feb. 24, 2016) (unpublished).

We granted review in this case to determine whether wrongful sexual contact was a lesser included offense of abusive sexual contact under the 2007 amendments to Article 120, UCMJ. *United States v. Oliver*, 75 M.J. 445, 445-46 (C.A.A.F. 2016). *Compare* Article 120(m), UCMJ, 10 U.S.C. § 920(m), with Article 120(h), UCMJ, 10 U.S.C. § 920(h) (2006) (as amended by the National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109-163, § 552, 119 Stat. 3136, 3258 (effective Oct. 1, 2007)). We hold that Appellant has failed to meet his burden under the plain error standard because he has not demonstrated material prejudice. Accordingly, the decision of the United States Air Force Court of Criminal Appeals is affirmed.

## I. Background

The charges and specifications arose largely from Appellant's status as a training instructor and his relations with female basic trainees. Pertinent to this appeal, Appellant was charged with abusive sexual contact, in violation of the version of Article 120(h) in place in 2007, UCMJ. This specification alleged:

> In that SENIOR AIRMAN CHRISTOPHER L. OLIVER, (then known as Staff Sergeant Christopher L. Oliver), United States Air Force, 324th Training Squadron, JBSA-Lackland, Texas, did at or near JBSA-Lackland, Texas, on divers occasions, between on or about 15 May 2011 and on or about 15 July 2011, engage in sexual contact, to wit: groping the groin of Airman First Class [LMS] (then known as Trainee [LMS]) by placing her in fear of an impact on her military career through the use and abuse of then Staff Sergeant Christopher L. Oliver's military rank, position, and authority.

Prior to the court-martial, trial defense counsel advised the trial court of his intent to raise the affirmative defense of consent to the touching.

Appellant's court-martial was held in June 2013. At the court-martial, Airman First Class (A1C) LMS testified that during her basic training Appellant touched her groin

without her consent on two occasions. A1C LMS explained that the first touching occurred when Appellant called her into his office, told her to stand at attention, and then reached over his desk and touched her groin. A1C LMS replied in the negative when asked by the Government whether she had consented to this touching. The second touching occurred when Appellant knocked on the basic trainee female dorm door and when A1C LMS answered he touched her groin while pretending to give her orders. A1C LMS did not tell Appellant "no" because she was afraid of getting in trouble.

Before closing arguments, the Government asked the military judge to consider wrongful sexual contact as a lesser included offense of abusive sexual contact. The following exchange occurred between the military judge and trial defense counsel:

> MJ: … Defense, you don't object to the [lesser included offenses] of wrongful sexual contact and assault consummated by battery as to Charge II and the Additional Charge?
>
> SDC: No, Your Honor.

## II. Waiver

The Government contends that Appellant affirmatively waived whether wrongful sexual contact is a lesser included offense of abusive sexual contact by failing to object to the military judge's consideration of this issue.

The rights at issue when determining whether one offense is a lesser included offense of another are constitutional in nature, as "[t]he due process principle of fair notice mandates that 'an accused has a right to know what offense and under what legal theory' he will be convicted." *United States v. Jones*, 68 M.J. 465, 468 (C.A.A.F. 2010) (quoting *United States v. Medina*, 66 M.J. 21, 26-27 (C.A.A.F. 2008)). While there is a "presumption against the waiver of constitutional rights," *United States v. Harcrow*, 66 M.J. 154, 157 (C.A.A.F. 2008) (internal quotation marks omitted) (citation omitted), the appellant may waive the right to raise such issue on appeal provided it is "clearly established that there was 'an intentional relinquishment or abandonment of a known right.'" *Id.* (quoting *Brookhart v. Janis*, 384 U.S. 1, 4 (1966)).

Here, trial defense counsel affirmatively asserted he had no objection to the military judge's consideration of wrongful sexual contact as a lesser included offense of abusive sexual contact. Now, on appeal, Appellant contends that wrongful sexual contact is not a lesser included offense because lack of consent is an element of wrongful sexual contact, whereas lack of consent, is not an element of abusive sexual contact. *See United States v. Alston*, 69 M.J. 214, 216 (C.A.A.F. 2010) (noting that an offense is not a lesser included offense when it requires an element that is not an element of the greater offense); *Jones*, 68 M.J. at 473 (concluding that offense was not a lesser included offense where it did not include the elements of the greater offense). Typically, trial defense counsel's affirmative assertion at the court-martial would constitute waiver of this issue. *See United States v. Mundy*, 2 C.M.A. 500, 503-04, 9 C.M.R. 130, 133-34 (1953) (counsel's deferential statements about the defense's position on lesser included offense instructions constituted affirmative waiver); *United States v. Smith*, 50 M.J. 451, 455-56 (C.A.A.F. 1999) (counsel's statement in response to the military judge's proposed instructions, "[t]hat's not exactly what I wanted, but it's close," amounted to a conscious choice to omit lesser included offenses that defense counsel previously discussed with the military judge and was therefore an affirmative waiver).

However, at the time of Appellant's court-martial, courts were grappling with whether, and to what extent, lack of consent was an element for Article 120, UCMJ, violations. The 2007 amendment to Article 120, UCMJ, omitted "lack of consent" as an element of virtually all sexual misconduct offenses, except the offense of wrongful sexual contact. Specifically, the statute stated:

> Lack of permission is an element of the offense in subsection (m) (wrongful sexual contact). Consent and mistake of fact as to consent are not an issue, or an affirmative defense, in a prosecution under any other subsection, except that they are an affirmative defense for the sexual conduct in issue in a prosecution under subsection (a) (rape), subsection (c) (aggravated sexual assault), subsection (e) (aggravated sexual contact), and subsection (h) (abusive sexual contact).

4

*Manual for Courts-Martial* (*MCM*) pt. IV, para. 45.a.(r)
(2008 ed.).

Following the 2007 amendment, some courts of criminal
appeals continued to struggle with the issue of lack of
consent. Notwithstanding our decision in *United States v.
Neal*, 68 M.J. 289, 303 (C.A.A.F. 2010) (holding "without
consent" was not an "implicit element" of aggravated sexual
assault), at least two service courts still seemed to suggest
that lack of consent was nonetheless an element inherent in
certain offenses under Article 120, UCMJ. *See United States
v. Pitman*, No. ACM 37453, 2011 CCA LEXIS 93, at *11,
2011 WL 6010897, at *4 (A.F. Ct. Crim. App. May 19, 2011)
(unpublished) (finding that wrongful sexual contact was a
lesser included offense of aggravated sexual contact, because
"[a]pplying the common and ordinary understanding of these
words, an allegation that a victim is compelled to submit to
sexual acts by force clearly includes as a subset that the
victim is not consenting"); *United States v. Johanson*, 71
M.J. 688, 693 (C.G. Ct. Crim. App. 2012) (concluding
wrongful sexual contact is a lesser included offense of
abusive sexual contact of a person substantially incapable of
declining participation because "[s]urely a lack of consent is
inherent in substantial incapability of declining
participation"); *But see United States v. Prothro*, No.
2011031, 2013 CCA LEXIS 293, at *5, 2013 WL 1457740, at
*2 (A. Ct. Crim. App. Mar. 29, 2013 ("[I]n this case, wrongful
sexual contact is not necessarily included within the offense
of abusive sexual contact …. [Because] consent, permission,
or lack thereof is not an element of abusive sexual contact.").

This point is underscored by the fact that: (a) both trial
counsel and the military judge in this case believed that
wrongful sexual contact was a lesser included offense of
abusive sexual contact; and (b) in the course of their legal
sufficiency review, the panel of judges on the Air Force
Court of Criminal Appeals that adjudicated this case did not
correctly identify the fact that wrongful sexual contact is not
a lesser included offense of abusive sexual contact.

The question of consent, as applied to abusive sexual
contact, was definitively resolved after Appellant's
court-martial, where in *United States v. Riggins*, 75 M.J. 78,
83-84 (C.A.A.F. 2016), we held, applying the 2012 version of
the *MCM*, that lack of consent is not an implied element of

abusive sexual contact by placing in fear. However, given the seemingly unsettled nature of the law at the time of Appellant's court-martial and its clear resolution in his favor by *Riggins* at the time of appeal, we conclude that forfeiture rather than waiver applies in this case. *Cf. United States v. Vazquez*, 72 M.J. 13, 16-17 (C.A.A.F. 2013) (holding an exception to the waiver of constitutional rights where appellant challenged "the application [of] procedures in [a] context [that] has not previously been addressed by this Court); *Henderson v. United States*, 133 S. Ct. 1121, 1130 (2013) ("[W]hen there is a new rule of law, when the law was previously unsettled, and when the [trial court] reached a decision contrary to [a] subsequent rule.... 'it is enough that an error be plain at the time of appellate consideration.'" (citation omitted)).

### III. Plain Error Review

When "an appellant has forfeited a right by failing to raise it at trial, we review for plain error." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009). Appellant thus "has the burden of establishing (1) error that is (2) clear or obvious and (3) results in material prejudice to his substantial rights." *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004) ("the burden of establishing entitlement to relief for plain error is on the defendant claiming it"). "[F]ailure to establish any one of the prongs is fatal to a plain error claim." *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2006).

Here, in the wake of *Riggins*, there was error and it was plain or obvious at the time of appellate review. *United States v. Warner*, 73 M.J. 1, 4 (C.A.A.F. 2013); *see also Henderson* 133 S. Ct. at 1130. However, Appellant has failed to establish any material prejudice to his substantial rights. "An error in charging an offense is not subject to automatic dismissal, even though it affects constitutional rights." *United States v. Wilkins*, 71 M.J. 410, 413 (C.A.A.F. 2012). "Appellant must show 'that under the totality of the circumstances in this case, the Government's error … resulted in material prejudice to [his] substantial, constitutional right to notice.'" *Id.* (alterations in original) (internal citation omitted) (quoting *United States v. Humphries*, 71 M.J. 209, 215 (C.A.A.F. 2012)).

In *Riggins*, a preserved constitutional error case, we found prejudice where the appellant was not on notice that he needed to defend against the issue of lack of consent. 75 M.J. at 85. Here, we are not faced with a similar situation. When this incident occurred, the statute required the accused to prove the affirmative defense of consent by a preponderance of the evidence, at which time the Government would have the burden of proving beyond a reasonable doubt that the defense did not exist. Article 120(t)(16), UCMJ (as amended by the National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109-163, § 552, 119 Stat. at 3263). Therefore, when Appellant raised the affirmative defense of consent, the Government had to prove lack of consent beyond a reasonable doubt if they were to obtain a conviction on the specification.

Furthermore, the issue of A1C LMS's consent was litigated throughout the court-martial. While the Government's primary theory was constructive force and not lack of consent, the Government addressed the issue of consent in trial and during closing arguments. As important, the trial defense counsel's trial strategy focused on A1C LMS's consent. In this vein, trial defense counsel elicited cross-examination testimony from: (1) Senior Airman DG that she observed A1C LMS and Appellant joking and laughing together during A1C LMS's basic training; and (2) A1C MK that A1C LMS often smiled when she was with Appellant. During Appellant's case-in-chief, A1C KK testified that A1C LMS told her that she found Appellant attractive and A1C LMS regularly seemed happy and "giddish" after leaving Appellant's office.

Ultimately, the manner in which the case was contested diminishes any argument that Appellant was not on notice as to what he had to defend against. Whether abusive sexual contact or wrongful sexual contact, Appellant knew which part of the body he was alleged to have wrongfully touched, and his theory throughout the court-martial was that A1C LMS consented to the sexual activity. Accordingly, under the facts of this case, there is nothing to indicate material prejudice to Appellant's substantial rights. S*ee United States v. Goings*, 72 M.J. 202, 208-09 (C.A.A.F. 2013) (no prejudice where the government identified the missing Article 134, UCMJ, element in its opening statement, case-in-chief, cross-examination, and redirect examination of its own

witness); *United States v. Tunstall*, 72 M.J. 191, 197 (C.A.A.F. 2013) (no prejudice where accused actually defended against both theories in the terminal element of Article 134, UCMJ).

## IV. Conclusion

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judge STUCKY, concurring in the result.

At trial, prior to closing arguments on findings, the military judge asked both counsel if there were any lesser included offenses that should be included in his member instructions. In relevant part, trial counsel proposed that wrongful sexual contact was a lesser included offense of abusive sexual contact under Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2012). When asked by the military judge if he objected, defense counsel responded, "No, Your Honor."[1] Subsequently, before announcing his findings, the military judge stated:

> [T]he court considered the request of trial counsel, and with the consent of the defense, the lesser included offenses of wrongful sexual contact ….
>
> In conducting analysis of the elements of the charged offenses and the requested lesser included offenses, the court was satisfied that the elements, while not precisely aligned by language, were aligned sufficiently that it was appropriate to consider them as lesser included offenses.

Defense counsel did not object.

The foregoing shows that the issue at bar was manifestly raised and outlined at trial by the military judge, and defense counsel clearly, knowingly, and intelligently relinquished or abandoned Appellant's right to challenge this lesser included offense. The majority cites "the seemingly unsettled nature of the law at the time of Appellant's court-martial" as militating against recognizing defense counsel's affirmative, knowing, and intelligent waiver of the issue in question. *United States v. Oliver*, __ M.J. __, __ (6) (C.A.A.F. 2017). We have, however, previously indicated the exact opposite: if it is *settled* that one offense is a lesser included offense of another, *this* weighs against finding the issue waived by an affirmative response at trial, *United States v. Girouard*, 70 M.J. 5, 10 (C.A.A.F. 2011), which makes sense. Reasonable counsel are unlikely to object to, and are in fact likely to affirm, such instructions because objection would be

---

[1] This stands in stark contrast to the spirited opposition that defense counsel voiced immediately prior to that answer with regard to a different proffered lesser included offense.

a plainly unproductive endeavor. In contrast, we should expect counsel to object when the law is unsettled and a certain interpretation is favorable to their client.

Appellant's situation is close to the paragon of waiver. *See United States v. Ahern*, 76 M.J. 194, __ (8–9) (C.A.A.F. 2017) (holding that a "no objection" statement at trial constitutes affirmative waiver of the issue in question). I therefore disagree with the majority's reaching the merits of the issue before us, because it was "extinguished," *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009), "'leav[ing] no error for us to correct.'" *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009) (quoting *United States v. Pappas*, 409 F.3d 828, 830 (7th Cir. 2005)).