Judge STUCKY,
concurring in the result.
At trial, prior to closing arguments on findings, the military judge asked both coun *276 sel if there were any lesser included offenses that should be included in his member instructions. In relevant part, trial counsel proposed that wrongful sexual contact was a lesser included offense of abusive sexual contact under Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2012). When asked by the military judge if he objected, defense counsel responded, “No, Your Honor.”[1] Subsequently, before announcing his findings, the military judge stated:
[T]he court considered the request of trial counsel, and with the consent of the defense, the lesser included offenses of wrongful sexual contact....
In conducting analysis of the elements of the charged offenses and the requested lesser included offenses, the court was satisfied that the elements, while not precisely aligned by language, were aligned sufficiently that it was appropriate to consider them as lesser included offenses.
Defense counsel did not object.
The foregoing shows that the issue at bar was manifestly raised and outlined at trial by the military judge, and defense counsel clearly, knowingly, and intelligently relinquished or abandoned Appellant’s right to challenge this lesser included offense. The majority cites “the seemingly unsettled nature of the law at the time of Appellant’s court-martial” as militating against recognizing defense counsel’s affirmative, knowing, and intelligent waiver of the issue in question. United States v. Oliver, 76 M.J. 271, 274, 2017 WL 2293138 (C.A.A.F. 2017). We have, however, previously indicated the exact opposite: if it is settled that one offense is a lesser included offense of another, this weighs against finding the issue waived by an affirmative response at trial, United States v. Girouard, 70 M.J. 5, 10 (C.A.A.F. 2011), which makes sense. Reasonable counsel are unlikely to object to, and are in fact likely to affirm, such instructions because objection would be a plainly unproductive endeavor. In contrast, we should expect counsel to object when the law is unsettled and a certain interpretation is favorable to their client.
Appellant’s situation is close to the paragon of waiver. See United States v. Ahern, 76 M.J. 194, 198 (C.A.A.F. 2017) (holding that a “no objection” statement at trial constitutes affirmative waiver of the issue in question). I therefore disagree with the majority’s reaching the merits of the issue before us, because it was “extinguished,” United States v. Gladue, 67 M.J. 311, 313 (C.A.A.F. 2009), “ leav[ing] no error for us to correct.’ ” United States v. Campos, 67 M.J. 330, 332 (C.A.A.F. 2009) (quoting United States v. Pappas, 409 F.3d 828, 830 (7th Cir. 2006)).

. This stands in stark contrast to the spirited opposition that defense counsel voiced immediately prior to that answer with regard to a different proffered lesser included offense.