# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist TILDEN J. MOBLEY III**
**United States Army, Appellant**

ARMY 20160795

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge
Colonel Charles C. Poché, Staff Judge Advocate

For Appellant: Captain Joshua B. Fix, JA (argued); Lieutenant Colonel Tiffany M. Chapman, JA; Captain Bryan A. Osterhage, JA; Captain Joshua B. Fix, JA (on brief); Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Captain Joshua B. Fix, JA (on reply brief); Captain Heather M. Martin, JA.

For Appellee: Captain Jessika M. Newsome, JA (argued); Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA (on brief); Captain Marc B. Sawyer, JA.

22 June 2018

----------------------------------
OPINION OF THE COURT
----------------------------------

SALUSSOLIA, Judge:

In this case, we conclude that, in light of *United States v. Forrester*, 76 M.J. 479 (C.A.A.F. 2017)[1], the allowable "unit of prosecution" for possessing child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012) (UCMJ), is the "material" that contains illicit videos and images of child pornography, in this case, appellant's computer. We, thus, find Specifications 2 and 3 of The Charge are multiplicious, even though the illicit videos and still images underlying each specification vary in type and are not identical, because they were all possessed on the same computer.

---

[1] Note the original cite in the advance sheet was 76 M.J. 389 but the case was withdrawn from the bound volume and republished at 76 M.J. 479.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of possession of child pornography in violation of Article 134, UCMJ. The military judge sentenced the appellant to a bad conduct discharge, confinement for eleven months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for 181 days, and reduction to the grade of E-1.

We review this case under Article 66(c), UCMJ. Appellant asserts the military judge erred when he failed to either dismiss one of the two child pornography specifications or merge the two specifications as multiplicious for findings. The government asserts appellant affirmatively waived multiplicity by unconditionally pleading guilty to both specifications and, even if it was not, the specifications are not multiplicious for findings. We find the specifications are multiplicious and will take appropriate action in our decretal paragraph.

## BACKGROUND

As a result of an FBI investigation in which appellant was identified as a possible suspect for possessing child pornography, the U.S. Army Criminal Investigation Command (CID) initiated a criminal investigation. Appellant admitted to the CID agent that he downloaded and viewed child pornography. A digital forensic examination of his laptop computer revealed videos and still images of possible child pornography.

The videos and still images found on the laptop computer form the basis of Specifications 2 and 3 of The Charge, of which appellant was convicted. They read as follows, appellant:

> Did, at or near El Paso, Texas between on or about January 2015 and 6 May 2015, knowingly and wrongfully possess child pornography, to wit: nine (9) videos of a minor engaging in sexually explicit conduct, such conduct being of a nature to bring discredit upon the armed services.

> Did, at or near El Paso, Texas between on or about 11 January 2014 and 6 May 2015, knowingly and wrongfully possess child pornography, to wit: two (2) pictures of a minor engaging in sexually explicit conduct, such conduct being of a nature to bring discredit upon the armed services.

2

Appellant did not file a motion asserting multiplicity. Prior to appellant entering his plea, defense counsel made the affirmative statement "[y]our honor, the defense waives and has no motions at this time." Appellant's pretrial agreement also indicated he had been "informed of his right to present motions in this case" and agreed to "waive all waiviable motions." When the military judge specifically questioned appellant about this term, defense counsel again indicated there were no motions.

Despite appellant's pretrial agreement, his actions and representations at trial, and the benefits received as a result of the agreement, he seeks relief from this court raising the issue of multiplicity for the first time as to Specifications 2 and 3 of The Charge.

## LAW AND ANALYSIS

### *Standard of Review*

The military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it. *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). We review a military judge's decision to accept a plea of guilty "for an abuse of discretion and questions of law arising from the guilty plea de novo." *Id.* at 322.

### *Waiver or Forfeiture*

Appellant admits he did not raise the issue for which he now assigns error. Citing to *United States v. Oliver*, 76 M.J. 271 (C.A.A.F. 2017) and *United States v. Harcrow*, 66 M.J. 154, 157-58 (C.A.A.F. 2008), appellant, however, asserts the issue of multiplicity was not waived but, instead, was forfeited because the issue of multiplicity was not apparent under the law at the time.

We recognize our superior court's decision in *Hardy* that reiterated the principle that an unconditional guilty plea generally waives non-jurisdictional issues. *United States v. Hardy*, __ M.J. __, 2018 CAAF LEXIS 324 (C.A.A.F. 5 Jun. 2018). Nonetheless, given the unique circumstances in the instant case, we exercise our authority under Article 66(c), UCMJ and notice appellant's assigned error.[2]

---

[2] The unique circumstances include the fact that appellant did not have the benefit of our superior court's decision in *Forrester* either when agreeing to the pretrial agreement or when pleading guilty.

*Child Pornography*

Appellant requests this court either dismiss one of the specifications or merge the two specifications of possessing child pornography in light of our superior court's recent decision in *Forrester*. Relying on *Forrester*, appellant argues Specifications 2 and 3 of The Charge are multiplicious and should be merged because the videos and still images of child pornography that make up the two specifications were on the same computer possessed by appellant.

In *Forrester*, our superior court was faced with determining whether four specifications of violating Article 134, UCMJ, were multiplicious when the underlying criminal conduct was the possession of identical images of child pornography on four distinct mediums—a laptop, two hard drives, and an email account.[3] 76 M.J. at 484. Recognizing the concept of multiplicity is grounded in the Double Jeopardy Clause of the Fifth Amendment, which prohibits charging multiple offenses for the same criminal offense, our superior court was faced with identifying the allowable "unit of prosecution" for the offense of possessing child pornography under Article 134, UCMJ. *Id*. at 485; see *also U.S. Const. amend. V*; UCMJ art. 44 (a).[4] The U.S. Supreme Court has framed the unit of prosecution question as "whether conduct constitutes one or several violations of a single statutory provision." *Callanan v. United States*, 364 U.S. 587, 597 (1961).

By analyzing pertinent provisions of the *Manual for Courts-Martial, United States* (2012 ed.) (*MCM*) and 18 U.S.C. § 2252A, the federal statute on which the offense of possessing child pornography under Article 134, UCMJ is based, our superior court determined the allowable unit of prosecution is each separate possession of the "material," that contains illicit images of child pornography. *Forrester*, 76 M.J. at 486. Our superior court stated "by defining child pornography as 'material that contains' illicit visual depictions, [the offense of Article 134] prohibits the knowing and conscious possession of the physical media or storage location 'that contains' the offensive images." *Id*.; *MCM*, pt. IV, ¶ 68b.c.(1) &

---

[3] Our superior court noted the type of multiplicity at issue in *Forrester* involved determining whether a single course of conduct resulted in multiple violations of the same statute. *Forrester*, 76 M.J. at 485, n.6. In the instant case, we are faced with the same type of multiplicity issue.

[4] Our superior court also found the question of "unit of prosecution" relevant and dispositive on the issue of whether the specifications at issue constituted an unreasonable multiplication of charges. *Forrester*, 76 M.J. at 485.

68b.c.(5).[5]  The court also made it clear that, as the offense of possessing child pornography is tied to the material that contains illicit images, it is not tied to the "to the quantity or variety of visual depictions."  *Id*. at 481; *MCM*, pt. IV, ¶ 68b.c.(1).[6]

Here, appellant admitted to possessing, on one computer, nine videos in Specification 2 and two still pictures in Specification 3.  Because the computer—and not the individual videos or still pictures—constitutes the allowable "unit of prosecution" in light of *Forrester*, the two specifications as charged are multiplicious for findings.  Accordingly, we will consolidate Specification 2 and 3 of the Charge in our decretal paragraph and will reassess the sentence.

## CONCLUSION

Specifications 2 and 3 of The Charge are consolidated into Specification 2 of The Charge as follows:

> In that Specialist (E-4) Tilden Mobley III, U.S. Army, did, at or near El Paso, Texas between on or about January 2015 and 6 May 2015, knowingly and wrongfully possess child pornography to wit:  nine (9) videos and two (2) pictures of a minor engaging in sexually explicit conduct, such conduct was of a nature to bring discredit upon the armed services.

The finding of guilty of Specification 2 of The Charge, as consolidated, is AFFIRMED.

We reassess the sentence in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), and we are confident the military judge would have adjudged a sentence at least as severe as the approved sentence absent the error

---

[5]  Our analysis here is limited to the offense of *possession* of child pornography.  We essentially hold that the unit of prosecution is based on the number of items containing child pornography that the accused possessed.  Our analysis would be different if the offense was *receipt* or *production* of child pornography.

[6]  Like our superior court, we recognize various policy arguments can be made for adopting different units of prosecution for the possession of child pornography to include either a per image unit or a per device unit.  We also recognize that it is up to the President or Congress to make such a decision.  *Forrester*, 76 M.J. at 487 n.8.

described above. While the consolidation of Specification 2 and 3 of The Charge reduces appellant's exposure from twenty years to ten years; the gravamen of the criminal conduct remains substantially the same. Here, appellant was convicted of possessing a computer containing nine videos and two still pictures of minors engaging in sexually explicit conduct.

Reassessing the sentence based on the noted error and the entire record, we AFFIRM the approved sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge CAMPANELLA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court