*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

───────────────

**UNITED STATES**
Appellee

**v.**

**Nicholas E. DAVIS, Private**
United States Army, Appellant

**No. 19-0104**
Crim. App. No. 20160069

Argued November 6, 2019—February 12, 2020

Military Judge: Wade Faulkner

For Appellant: *Captain Joseph C. Borland* (argued); *Lieutenant Colonel Tiffany D. Pond, Major Jack D. Einhorn,* and *Captain Benjamin A. Accinelli* (on brief); *Captain Bryan A. Osterhage.*

For Appellee: *Captain Brian Jones* (argued); *Colonel Steven Haight, Lieutenant Colonel Wayne H. Williams,* and *Major Craig Schapira* (on brief); *Captain Jeremy S. Watford.*

Chief Judge STUCKY delivered the opinion of the Court, in which Judges RYAN, OHLSON, SPARKS, and MAGGS, joined. Judge MAGGS filed a separate concurring opinion.

───────────────

Chief Judge STUCKY delivered the opinion of the Court.

Any person subject to the Uniform Code of Military Justice (UCMJ) who, "without legal justification or lawful authorization" nevertheless "knowingly…records by any means the private area of another person, without that other person's consent and under circumstances in which that other person has a reasonable expectation of privacy…is guilty of an offense." Article 120c(a)(2), UCMJ, 10 U.S.C. § 920c(a)(2) (2012). We granted review to determine whether, as Appellant argues, the offense requires the prosecution to prove beyond a reasonable doubt that he subjectively knew the alleged victim was not consenting. Because Appellant affirmatively waived any objection to the military judge's instructions on the elements of Article 120c(a)(2), we need not reach the granted issue of whether the mens rea of "knowingly" applies

to the consent element of that offense, and thus affirm the judgment below.

## I. Posture

At a general court-martial, the military judge convicted Appellant, pursuant to his pleas, of two specifications of violating a lawful general order, in violation of Article 92, UCMJ, 10 U.S.C. § 892 (2012). Court members convicted Appellant, contrary to his pleas, of one specification of false official statement, one specification of indecent recording, and one specification of broadcasting an indecent recording, in violation of Articles 107, 120c, UCMJ, 10 U.S.C. §§ 907, 920c (2012). The court members sentenced Appellant to a bad-conduct discharge and reduction to the grade of E-1. The military judge granted Appellant fifteen days of credit, for time spent in pretrial confinement, against the adjudged sentence. The convening authority approved the adjudged sentence. That action was withdrawn and a new convening authority approved the adjudged sentence and credited Appellant with fifteen days of confinement against his sentence.[1]

The United States Army Court of Criminal Appeals (CCA) dismissed the indecent broadcasting specification as factually and legally insufficient, but otherwise affirmed the findings and sentence. *United States v. Davis*, No. ARMY 20160069, 2018 CCA LEXIS 417, at \*27–28, 2018 WL 3996488, at \*10 (A. Ct. Crim. App. Aug. 16, 2018). The court did not address this granted issue. The CCA denied Appellant's motion for reconsideration. *United States v. Davis*, No. ARMY 20160069 (A. Ct. Crim. App. Oct. 17, 2018).

This Court initially granted review to determine whether the military judge was required to instruct that the prosecution prove not just that Appellant knowingly recorded but also that he knew the recording was done without the alleged victim's consent, and affirmed the CCA's judgment on June 18, 2019. *United States v. Davis*, 79 M.J. 148 (C.A.A.F. 2019)

---

[1] As Appellant's sentence did not include confinement, hard labor without confinement, restriction, fine, or forfeiture of pay, Appellant was not entitled to sentence relief. *See United States v. Rosendahl*, 53 M.J. 344, 347–48 (C.A.A.F. 2000); Rule for Courts-Martial (R.C.M.) 305(k).

(summary disposition). Following Appellant's petition for reconsideration, and in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), this Court then granted review of whether the mens rea of "knowingly" applies to the consent element of Article 120c(a)(2). *United States v. Davis*, 79 M.J. 213 (C.A.A.F. 2019).

## II. Background

As the underlying facts leading to the charges and convictions in this case are not relevant to the granted issue, it suffices to say that Appellant was accused of recording the private area of another without her consent and when she had a reasonable expectation of privacy. The following facts from Appellant's court-martial, however, are relevant to the granted issue.

At the court-martial, the military judge gave the following instructions pertaining to the consent element of the indecent recording charge:

> [T]he accused is charged with the offense of indecent visual recording, in violation of Article 120c, UCMJ. In order to find the accused guilty of this offense, you must be convinced by legal and competent evidence beyond a reasonable doubt…[t]hat the accused did so without the consent of [the victim]….
>
> ….
>
> "Consent" means a freely given agreement to the conduct at issue by a competent person. An expression of lack of consent through words or conduct means there is no consent. Lack of verbal or physical resistance or submission resulting from the accused's use of force, threat of force, or placing another person in fear does not constitute consent. A current or previous dating or social or sexual relationship by itself or the manner of dress of the person involved with the accused in the conduct at issue shall not constitute consent.
>
> Lack of consent may be inferred based on the circumstances of the offense. All of the surrounding circumstances are to be considered in determining whether a person gave consent, or whether a person did not resist or ceased to resist only because of another person's actions. A sleeping, unconscious, or incompetent person cannot consent.

> The prosecution has the burden to prove lack of consent beyond a reasonable doubt. Therefore, to find the accused guilty of the offense of indecent visual recording…you must be convinced beyond a reasonable doubt that, at the time of the conduct alleged, [the victim] did not consent.

Before issuing the above instructions to the panel, the military judge explained to counsel for both parties the instructions that he chose to give, including the consent element instruction. Afterwards, the military judge asked whether the defense had any objections or requests for additional instructions. After consulting with the assistant defense counsel, the defense counsel answered, "No changes, sir." After the military judge granted a finding of not guilty on one of the specifications and marked the instructions as an appellate exhibit, he again asked the defense if there were any objections to the findings instructions. The defense counsel replied: "No, Your Honor."

Appellant now argues that it was plain error for the military judge to instruct the members that a required element of Article 120c(a)(2) is lack of consent, without also specifying that the accused must have subjectively known that the alleged victim did not consent. However, we cannot decide whether Appellant's interpretation of Article 120c(a)(2) is correct, because Appellant waived this claim.

### III. Discussion

#### A. Waiver

Whether an appellant has waived an issue is a legal question that this Court reviews de novo. *See United States v. Haynes*, 79 M.J. 17, 19 (C.A.A.F. 2019). " 'Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.' " *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (internal quotation marks omitted) (citation omitted) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Consequently, while we review forfeited issues for plain error, "we cannot review waived issues at all because a valid waiver leaves no error for us to correct on appeal." *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009) (internal quotation marks omitted) (citation omitted).

B. Analysis

As relevant here, "[f]ailure to object to an instruction or to omission of an instruction before the members close to deliberate constitutes waiver of the objection in the absence of plain error." R.C.M. 920(f). This Court has interpreted that provision as referring to forfeiture, not waiver. *See*, *e.g.*, *United States v. Davis*, 76 M.J. 224, 227 n.1 (C.A.A.F. 2017); *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017). But Appellant did not just fail to object and thereby merely forfeited his claim. He affirmatively declined to object to the military judge's instructions and offered no additional instructions. By "expressly and unequivocally acquiescing" to the military judge's instructions, Appellant waived all objections to the instructions, including in regards to the elements of the offense. *United States v. Smith*, 2 C.M.A. 440, 442, 9 C.M.R. 70, 72 (1953); *see also United States v. Wall*, 349 F.3d 18, 24 (1st Cir. 2003) ("[C]ounsel twice confirmed upon inquiry from the judge that he had 'no objection and no additional requests [regarding the instructions].' Having directly bypassed an offered opportunity to challenge and perhaps modify the instructions, appellant waived any right to object to them on appeal.").[2] As Appellant has affirmatively waived any objection to the military judge's findings instructions, there is nothing left for us to correct on appeal. *See*, *e.g.*, *Campos*, 67 M.J. at 332; *Ahern*, 76 M.J. at 198 ("[U]nder the ordinary rules of waiver, Appellant's affirmative statements that he had no objection [to the admission of the contested evidence] also operate to extinguish his right to complain…on appeal."); *cf. United States v. Payne*, 73 M.J. 19, 23–24 (C.A.A.F. 2014) (holding that where trial defense counsel objected generally to all of the military judge's proposed findings instructions, only plain error review was appropriate, as the objection was not sufficiently specific to preserve the error on appeal).

Citing *United States v. Haverty*, 76 M.J. 199, 208 (C.A.A.F. 2017), Appellant nevertheless asks us to review the granted

---

[2] Other federal courts have ruled similarly. *See*, *e.g.*, *United States v. Smith*, 531 F.3d 1261, 1268 (10th Cir. 2008) (deciding that the defendant had waived the issue when he had "affirmatively represented that he had no objection to the admission of the evidence at issue" and "also relied on the evidence himself").

issue for plain error. We previously have said that "[p]anel instructions are analyzed for plain error based on the law at the time of appeal." *Id.* We generally only review the matter for plain error when a new rule of law exists, as "[a]n appellant gets the benefit of changes to the law between the time of trial and the time of his appeal." *United States v. Tovarchavez*, 78 M.J. 458, 462 (C.A.A.F. 2019); *see also United States v. Oliver*, 76 M.J. 271, 274 (C.A.A.F. 2017) ("[W]hen there is a new rule of law, when the law was previously unsettled, and when the [trial court] reached a decision contrary to a subsequent rule…it is enough that an error be plain at the time of appellate consideration." (alterations in original) (internal quotation marks omitted) (quoting *Henderson v. United States*, 133 S. Ct. 1121, 1130) (2013))).

In this case, however, Appellant was tried after the applicable precedents[3] were decided, yet affirmatively declined to object to the military judge's instructions. Appellant's reliance on *Rehaif*, 139 S. Ct. 2191, to excuse his waiver is unavailing. There, the Supreme Court held that the trial judge's findings instructions had inappropriately limited the reach of the statute's mens rea of "knowingly," over the appellant's objection. *Id.* at 2200. But *Rehaif* did not create new law. *See, e.g.*, *Flores-Figueroa*, 556 U.S. at 652–53. As Appellant concedes, it merely reiterated that, "[a]s a matter of ordinary English grammar, we normally read the statutory term "knowingly" as applying to all the subsequently listed elements of the crime." *Rehaif,* 139 S. Ct. at 2196 (internal quotation marks omitted) (citation omitted).

Therefore, we cannot review the granted statutory interpretation question because Appellant waived the claim by waiving any objection to the military judge's instructions regarding the consent element. Accordingly, we hold only that Appellant has affirmatively waived the issue.

---

[3] Appellant relies upon several Supreme Court decisions in objecting to the military judge's instructions regarding the consent element. *See Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009); *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994); *Staples v. United States*, 511 U.S. 600, 605 (1994).

## IV. Judgment

The judgment of the United States Army Court of Criminal Appeals is affirmed.

Judge MAGGS, concurring.

The Court's decision has important consequences for counsel in all future trials before members. In this case, the military judge informed counsel of the instructions that he intended to give. Then, in accord with the script in the Military Judges' Benchbook, the military judge asked both parties whether they had any objections to the instructions.[1] Both counsel answered in the negative. The Court holds that their answers waived (and not merely forfeited) any objection to the instructions and that this waiver prevents any review of the instructions. Counsel in future cases therefore must be especially careful to raise any objections that they might have to proposed instructions when the military judge asks them—as military judges do in almost every case before members—whether they have any objections.

I write separately to address the question of whether today's decision is inconsistent with *United States v. Haverty*, 76 M.J. 199 (C.A.A.F. 2017). Appellant cites *Haverty* for the proposition that, in the absence of a defense objection, this Court reviews panel instructions for plain error. Brief for Appellant at 6, *United States v. Davis*, No. 19-0104 (C.A.A.F. Aug. 29, 2019) (citing *Haverty*, 76 M.J. at 208). In other words, Appellant contends that *Haverty* requires us to treat his failure to object as mere forfeiture rather than waiver. I believe that this argument warrants careful attention.

This case and *Haverty* are nearly identical in a key respect. A review of the record in *Haverty* reveals that the military judge in that case, as in this case, presented proposed instructions to the parties and asked the parties, in accord with the Military Judges' Benchbook, whether they had any objection. In both cases, the parties told the military judge that they had no objection. Yet the holdings of the cases are different. In *Haverty* we held that the appellant merely forfeited his objection, 76 M.J. at 208, while in this case we hold that Appellant waived his objection.

---

[1] The Military Judges' Benchbook includes the question: "Does either side have any objection to those instructions?" Dep't of the Army, Pam. 27-9, Legal Services, Military Judges' Benchbook ch. 2, § V, para. 2-5-8 (Sept. 10, 2014).

The only explanation that we expressly gave in *Haverty* for our conclusion that the appellant forfeited his objection is that he did not object.[2] That explanation by itself does not distinguish *Haverty* from this case because the same is true here. What we left unstated in *Haverty*, but what we certainly understood, was that the appellant's failure to object could not be a waiver because it was not an intentional relinquishment of a known right. *See United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (defining waiver). The appellant in *Haverty* could not have intentionally waived his objection to an instruction regarding the required mens rea because the relevant controlling precedent of both this Court and the Supreme Court about the mens rea at issue were decided after the appellant's court-martial had been completed. *See Haverty*, 76 M.J. at 208. Thus, *Haverty* involved more than counsel for both sides merely answering the military judge's question whether they had any objections in the negative and is therefore distinguishable from this case.

---

[2] In *Haverty*, we stated: "Because Appellant did not object to the military judge's failure to instruct the members on a mens rea requirement for the offense of hazing under Article 92, UCMJ, we review this issue for plain error." 76 M.J. at 208.